ALBERT CHAUSER
vs.
NIAGARA FIRE INSURANCE CO.

Superior Court    New Haven County    File #45648

Present: Hon. ARTHUR F. ELLS, Judge.

David M. Reilly,                    Attorney for the Plaintiff.

Gross, Hyde & Williams,          Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 24, 1937.**    123 Conn. 413

ELLS, J. The complaint alleges that Albert Chauser, the plaintiff, had an interest in certain premises; that on March 1,

1932, the defendant, a fire insurance company, upon payment of the premium, insured the building; that the plaintiff informed the defendant he was the owner of the property and that it was in the name of one Bertha Chichester, who was holding it as his agent and trustee, and it was thereupon agreed between the parties that the policy be issued in the name of Bertha Chichester although the plaintiff was the real party in interest and the real owner; that on March 1, 1933, there was a renewal on the same terms and with the same knowledge; that there was a loss by fire and that the plaintiff furnished the defendant with proof of loss and otherwise duly performed all the conditions of said policy on his part, but that the defendant has not paid the loss.

The defendant denied that such an agreement was ever made, and denied the authority of its agent to make one, and pleaded a long special defense having to do largely with claims concerning the proof of loss. Upon the trial the agent was disclosed to have been a "signing agent" and that issue virtually disappeared.

The Jury found, upon conflicting evidence, that the Insurance Company, with full notice that Chauser was the owner, chose to insure him and to put it in the name of the record owner, assuring Chauser it would pay him, as the real owner, in case of loss. This finding brings the case within the ruling in **McKay vs. Aetna Life Insurance Co., 118 Conn. 538, 548.** "When the insurer, at the time of the issuance of the policy, has knowledge of existing facts which, if insisted on, would invalidate the contract from the time of its inception, it may be held, by delivering the policy and accepting the premium, to waive the cause of avoidance or to be estopped from insisting upon or taking advantage of it."

The defendant cannot and does not complain of the manner in which the Court left the vital question of fact to the Jury. The charge was more than fair to the defendant. The great issue in the case was this question of fact. Once having decided it, the Jury applied the law of the McKay case as given to it by the Court, and came directly to a verdict for the plaintiff. I say "directly" because all that was left was a series of extremely technical claims raised by the defendant. Once having decided the vital issue of fact, the Jury had before it this case,—an insurance company accepting and keeping a premium paid by the plaintiff, and issuing a policy with full

knowledge that he was the one they were insuring, and putting the name of Bertha Chichester in the policy, with full knowledge that she held the title for him; an owner believing he was insured; a space of nearly two years during which the Company did nothing to change the situation, except to take and keep another premium from Chauser under the same agreement; then a fire; then without questioning the cause of the fire, a flat refusal to pay anybody. Having found these facts, a Jury would pay little attention to the highly technical claims made concerning the proof of claim.

Under such circumstances, knowing the frame of mind this Jury was necessarily in, the Court must study the maze of technicalities created by the defendant and decide whether the Jury took unwarranted hurdles in its desire to arrive at a just verdict.

First and most important among these claims has to do with the proof of loss. The defendant company says it is no good because it was signed by Bertha Chichester, the person named in their policy,—that she was not the real owner. Of course they would say the same if it had been signed by Chauser,— because he was not named in the policy. When the Company denied liability and inferentially denied that it had insured Chauser as the real owner but had at his request inserted Chichester as the nominal owner, it put Chauser in a tough spot in relation to a proof of loss. He had it signed by Chichester, since she was the named insured, and assumed the burden of proving the original agreement with the company. Now that he has proved that, it follows that the proof of loss signed by Chichester was the proper and fair procedure, and one the company would naturally expect. There is no concealment here. The proof of loss contains no defect. All enquiries are answered. They set forth the now proven known fact, that Chauser was the real owner.

The proof of loss must be considered throughout in connection with the original knowledge acquired by the company at the time of the issuance of the policy. It seems to me that on this point, and indeed on all others, the defendant's argument is almost wholly based on a stubborn refusal to accept the facts found by the Jury. These findings were based on abundant evidence, and although I would not have come to the same conclusion the Jury did, I must accept its finding.

I expressed my ideas as to the credibility of witnesses during

oral arguments of the present motion, and counsel for the defendant urges in his brief that because of it I must set the verdict aside, and cites **Levy vs. Bromberg, 108 Conn. 202.** I have carefully reviewed the evidence, using the transcript. I chose to believe Miss Fowler. Chauser's testimony as to his manner of doing business in other people's names was grotesque. But the jury believed Howshield,—probably it believed Chauser on the point in question. Its conclusion finds corroboration in some of the documentary evidence, and especially in the past dealings of the parties with Miss Fowler. Particularly is this true—there was a sharp conflict in the testimony of Mr. Alderman and Miss Fowler. Mr. Alderman made an excellent impression upon both Court and Jury, and his testimony doubtless was an important, perhaps decisive, element in its decision.

This case differs in another way from the Levy case. The reference there is to cases which result in "manifest injustices". Here the insurance company accepted and used substantial premiums as compensation for risks which it was its business to assume, and now without in any way challenging the origin of the fire, and without giving good reason, refuses to pay anyone. In view of all the circumstances, I cannot say the verdict resulted in manifest injustice.

The motion to set aside the verdict is denied.