ALDO SAPORITI *v.* THE AUSTIN A. CHAMBERS COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 5—decided March 10, 1948

*W. S. Hyde,* for the appellant (named defendant).

*Leonard R. Posner,* for the appellee (plaintiff).

ELLS, J. In this action the plaintiff sought to recover damages for the loss by fire of household furniture stored in a warehouse of the defendant company in Manchester. The action was brought against the company, one of its officers and one of its employees, Tyler, a truck driver who transported the goods from the home of the plaintiff in Barre, Vermont, to Manchester. The complaint is in four counts. The first was based upon alleged assurances given by the officer and by Tyler that the company carried full and complete fire insurance on the goods it stored; the second claimed damages on the ground of negligence on the part of the company; the third alleged that the assurances given by the officer and Tyler were fraudulent; and the fourth rested upon those assurances as amounting to an agreement that the furniture would be insured. The

court gave judgment against the company but in favor of the other two defendants. The company has appealed.

The sole errors claimed are in rulings on evidence. The trial court incorporated in the finding by reference the portion of the draft finding in which the rulings are stated. This consisted of a transcript of testimony some twenty-seven printed pages in length which included numerous and diverse rulings without division into numbered paragraphs. Our appellate procedure requires that each ruling be set forth in a separate paragraph. Conn. App. Proc., p. 117, note 17; see Practice Book § 359. Confronted with such a situation, the trial court, instead of incorporating the portion of the draft finding in question into its finding, should have called counsel's attention to the requirement of correct procedure and, as a condition of making a finding as to the rulings, required that a proper statement of them be submitted. *O'Keefe* v. *Bassett*, 132 Conn. 659, 660, 46 A. 2d 847. We shall treat only generally such rulings as are pressed in the defendant's brief. *Rogoff* v. *Southern New England Contractors Supply Co.*, 129 Conn. 687, 690, 31 A. 2d 29.

Tyler himself and Mrs. Saporiti were permitted over objection to testify to statements made by Tyler, when he came to get the furniture at Barre, to the effect that it would be covered by fire insurance; the objection was that Tyler had no authority to make such statements and that they were inadmissible to bind the company; Tyler himself was a defendant and such evidence would be material in determining whether or not he was liable under the allegations of the complaint; and the fact that the ground on which the trial court admitted the testimony may not have been sound does not make the

ruling erroneous. *Witek* v. *Southbury*, 132 Conn. 104, 110, 42 A. 2d 843. Over objection, Mr. and Mrs. Saporiti were permitted to testify as to the prices they had paid for the various articles of furniture; a witness who had visited their home at times during the years 1943 and 1944 was allowed to testify that the furniture was then in very good condition; and another witness, apparently an expert on the value of such articles, was permitted to testify that it would have cost about 20 per cent more to buy similar furniture at the time of the loss. The objections were, in general, that the measure of damages would be the value of the furniture at the time it was destroyed and that, as the fire occurred after June, 1945, the testimony as to the condition of the furniture in 1943 and 1944 was too remote. The claim of law as to the measure of damages was undoubtedly sound. *New Britain Real Estate & Title Co.* v. *Hartford Acceptance Corporation*, 112 Conn. 613, 617, 153 A. 658. The furniture was not available, and indirect evidence of value was all that could be offered. In determining that value, the original cost of the furniture, the way in which its use had affected it, and the increased cost of buying new furniture were all elements which might properly be considered; *Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198, 201, 61 A. 363; *Mathews* v. *Livingston*, 86 Conn. 263, 271, 85 A. 529; see *Underwood Typewriter Co.* v. *Hartford*, 99 Conn. 329, 337, 122 A. 91; and, as indicative of the way the plaintiff and his wife had kept it, the testimony as to its condition was not so remote that the trial court could not in its discretion admit the evidence. *State* v. *Leopold*, 110 Conn. 55, 66, 147 A. 118. Testimony of the plaintiff as to the value of the furniture was proper, although no qualification other than his ownership of

it was shown. *Lovejoy* v. *Darien,* 131 Conn. 533, 536, 41 A. 2d 98; 3 Wigmore, Evidence (3d Ed.) § 716.

Finally, the defendant claims error in the exclusion of a question in which, on cross-examination, he asked Tyler, called by the plaintiff, whether he was financially responsible; the question was claimed as tending to show a bias on the part of the witness. The defendant did not explain to the trial court, nor has it explained to us, how the fact that the witness was not financially responsible would show bias, particularly as his statement regarding the existence of fire insurance would directly support the allegations of the complaint that he was personally liable.

There is no error.

In this opinion the other judges concurred.