## The Church of the Assumption of the Blessed Virgin Ansonia, Connecticut *v.* The Travelers Fire Insurance Company et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued February 5—decided February 17, 1959

*Joseph P. Cooney,* with whom were *Henry F. Cooney* and, on the brief, *John F. Scully,* for the appellant (plaintiff).

*John C. Flanagan,* for the appellees (defendants).

King, J. The plaintiff was the owner of a building used as a convent which, in February, 1953, was ap-

praised at $67,750. It was decided to replace the building with a new structure immediately adjacent. By June 29, 1955, the new building was nearly completed. The old one had been vacated, its demolition by a wrecking company had commenced and the doors, windows, radiators, bathtubs and piping had been torn out and removed from the building. Still intact were the roof, ceilings, floors and halls, or about 90 per cent of the structure as appraised in 1953. On June 29, 1955, the old convent was entirely destroyed by fire. The plaintiff carried fire insurance on all its buildings, including that one. The aggregate coverage was over $1,400,000, distributed among the ten defendant insurance companies. Each was liable for its pro rata share of any loss within the coverage of its policy.

While the answer denied the allegations of the complaint both as to the plaintiff's loss and as to its fulfilment of the conditions of the policies, the foregoing facts were in effect conceded at the trial and there was no claim of nonfulfilment by the plaintiff of any of the conditions of the policies or of any infirmity in the coverage of the policies. Thus the single basic issue presented to the jury was the amount, if any, of the plaintiff's recoverable damages. At the trial, the defendants stressed the claim that the plaintiff had really sustained no loss since it had little, if any, further use for the building, intended to abandon it and had contracted for its demolition, which had commenced. Some of the problems incident to this type of claim form the subject matter of annotations in 8 A.L.R.2d 1408, 1410, and 29 A.L.R.2d 888. We are, however, not required to consider the claim, for reasons which will appear.

The jury returned a verdict for the defendants, and the plaintiff appealed from the judgment

thereon, assigning error in certain portions of the finding, in the charge and in the denial of its motion to set aside the verdict as against the evidence.

Under the applicable terms of the policies, which were substantially identical except for the amounts of coverage, the obligation of the defendants was, at most, to pay "the actual cash value of the property at the time of loss." This amount was claimed by the plaintiff as its measure of recovery. Under the pleadings, it had the burden of proving facts from which the jury could estimate, with reasonable certainty, the amount, in dollars, of its measure of recovery, that is, the amount in dollars of the actual cash value of the property immediately before the fire. *Manthey* v. *American Automobile Ins. Co.*, 127 Conn. 516, 519, 18 A.2d 397; *Stern & Co.* v. *International Harvester Co.*, 146 Conn. 42, 45, 147 A.2d 490. Various methods of proving the actual cash value of property destroyed by fire form the subject matter of an annotation in 61 A.L.R.2d 711. See *Saporiti* v. *Austin A. Chambers Co.*, 134 Conn. 476, 479, 58 A.2d 387.

The finding, with such corrections as should be made, reveals that the plaintiff's claims of proof, by which alone the charge must be tested, go no further than to show that over two years before the fire the value of the building was $67,750 and that demolition had progressed to the extent of about 10 per cent of the entire structure. We may assume, without deciding, that the jury could have inferred that the building had lost nothing in value through depreciation or obsolescence, or otherwise, between the time of the appraisal and the commencement of demolition. But there is nothing to indicate the diminution in value due to the substantial, although partial, demolition which in this particular case had admit-

tedly already taken place. That there had been a destruction of but 10 per cent of the structure does not warrant an inference that the diminution in value was also 10 per cent. Structural damage incidental to such demolition by a wrecking company as had occurred might well have caused a heavy diminution in the value of the building as a whole, over and above the value of the materials or property actually removed. The jury were not supplied with any proof from which they could estimate the actual cash value of the building at the time of the fire with the reasonable certainty which the law requires. *Stern & Co.* v. *International Harvester Co.,* supra. Nor was there proof of a lesser value, such, for instance, as salvage value. The verdict of the jury could in no event have been for more than nominal damages, and therefore no error in the charge would be ground for a new trial. *Schmeltz* v. *Tracy,* 119 Conn. 492, 496, 177 A. 520.

The evidence in the appendix, by which alone the action on the motion to set aside the verdict must be tested, discloses nothing to indicate that the plaintiff would in any event have been entitled to more than nominal damages. Accordingly, there was no error in the court's refusal to set aside the verdict.

There is no error.

In this opinion the other judges concurred.