77 N.J. Super. 531 (1962)
187 A.2d 49
LEON MESSING, TRADING AS LAM REALTY CO., PLAINTIFF,
v.
RELIANCE INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 19, 1962.
*532 Messrs. Fox, Yanoff and Fox argued the motion for the plaintiff (Mr. Leo Yanoff, of counsel).
Mr. Harold D. Feuerstein argued the motion for the defendant.
CONKLIN, J.S.C.
Plaintiff's action is founded upon a fire insurance policy. Plaintiff demands judgment in the amount of damage to the building  that amount being agreed upon by the parties  or in the alternative, that an umpire be appointed and instructed to appraise the actual cash value of the property in question upon a market value basis. The court finds the demand for judgment in the amount of the damage without merit and is, therefore, concerned only with the alternate relief demanded.
Defendant, a Pennsylvania corporation authorized to do business in New Jersey, issued a policy of fire insurance to the amount of $610,000 in the standard New Jersey fire insurance policy form to Kerry Realty Corporation, covering the premises located at 401-411 High Street and 146-160 Summit Street, Newark, New Jersey. Upon the vesting of title to the above property in the plaintiff, and after the necessary endorsement of the policy, plaintiff became entitled to the benefits thereof.
Said policy of insurance insured plaintiff "to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss."
As the result of a fire on January 15, 1962, the insured's building sustained damage in the amount of $26,600. Upon this both parties agree. However, the parties have not been able to agree as to the actual cash value of the premises and, in accordance with the terms of the policy, each has appointed an appraiser. The appraisers, in turn, have been unable to agree upon the selection of a competent and disinterested umpire, and this court is now requested to appoint an umpire.
*533 Further, the plaintiff insured calls upon the court to establish the standard to be used in ascertaining the "actual cash value" of the damaged property. The insurance policy in question contains a coinsurance provision, permitted by N.J.S.A. 17:36-5, which is as follows:
"This Company shall not be liable for a greater proportion of any loss to the property described herein than the sum hereby insured bears to the percentage [90%] specified on the first page of this policy of the actual cash value of said property at the time such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon."
On the date of the fire $610,000 in insurance was in force on the property. On the theory that the "actual cash value" of the property was in excess of $610,000, and that therefore the plaintiff is a coinsurer, the insurance carrier contends it is necessary to ascertain the value of the property and thereafter the percentage of the fire loss for which it is liable.
The policy does not define what is meant by the term "actual cash value." The carrier takes the position that for the purpose of determining the amount payable to plaintiff, the premises must be valued on the basis of replacement cost minus a depreciation factor. Plaintiff contends that the premises must be valued on the basis of actual market value. The parties have not presented to this court a controlling New Jersey decision; nor has further research uncovered precedent in this State. The lack of such controlling case law was pointed out in Thorp v. American Aviation & Gen. Ins. Co., 212 F.2d 821, 825, n. 5 (3 Cir., 1954). Therefore, it is necessary to resort to general principles in order to reach a conclusion consistent with New Jersey law.
There has been a tendency in recent years to reject both tests put forth by the parties as the sole criteria for determining the "actual cash value" of a building, and to adopt with increasing frequency the "broad evidence" rule. See Annotation 61 A.L.R.2d 711 (1958); Harper v. Penn Mut. Fire Ins. Co., 199 F. Supp. 663 (E.D. Va. 1961); Agoos Leather Co. v. American & Foreign Ins. Co., 342 Mass. 603, 174 *534 N.E.2d 652 (Sup. Jud. Ct. 1961). The broad evidence rule permits the consideration of all evidence logically related to the formation of an accurate estimate of the value of the destroyed or damaged property, for the purpose of ascertaining the "actual cash value" at the time of the loss. In applying this rule it is not necessary to abandon consideration of either market or reproduction values, but they must be viewed merely as guides and not the sole determinative in arriving at "actual cash value." Pinet v. New Hampshire Fire Ins. Co., 100 N.H. 346, 348-349, 126 A.2d 262, 265, 61 A.L.R.2d 706 (Sup. Ct. 1956).
Basic to the rationale underlying the broad evidence rule is the notion that indemnity is the foundation of insurance law. McAnarney v. Newark Fire Ins. Co., 247 N.Y. 176, 159 N.E. 902, 56 A.L.R. 1149 (Ct. App. 1928). Guided by the principle of indemnity, the inquiry as to actual cash value should be directed toward ascertaining what amount of money will place the insured in the same position he would have been in had no fire occurred. The shortcomings of both market value and replacement cost less depreciation as sole criteria for determining value have been pointed out by the courts. See Harper v. Penn Mut. Fire Ins. Co., supra, 199 F. Supp., at pp. 664-665; McAnarney v. Newark Fire Ins. Co., supra, 247 N.Y., at pp. 182-184, 159 N.E., at p. 904, 56 A.L.R. 1149; Castoldi v. Hartford County Mut. Fire Ins., 21 Conn. Supp. 265, 154 A.2d 247 (Super. Ct. 1959). Value is a matter of opinion. The adoption of an invariable test of value would only serve to shackle sound opinion in a situation where other factors may overcome or qualify its influence. This cannot be done in the name of speedy and simple administration.
Therefore, it is the opinion of this court that a form of the broad evidence rule should be adopted as the standard to which the appraisers and umpire should look in order to determine the actual cash value of the insured buildings for the purpose of applying the 90% coinsurance provision of the policy.
*535 The appraisers and umpire are instructed that in determining the actual cash value of the property involved they may consider every fact and circumstance which would logically tend to the formation of a correct estimate of the building's value, including the original cost, the economic value of the building, the income derived from the building's use, the age and condition of the building, its obsolescence, both structural and functional, its market value, and the depreciation and deterioration to which it has been subjected.
As umpire, I appoint Mr. Melvin Howie, a builder and general contractor, whom I believe fully qualified because of his experience in appraising.
Let an order be entered.