WILLIAM R. ROOT ET AL. *v.* PETER J. KAKADELIS ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 3-625-1295

Argued April 5—decided June 3, 1965

*George S. Papazoglou,* of Danbury, for the appellants (defendants).

*James C. Deakin,* of Danbury, for the appellees (plaintiffs).

DEARINGTON, J. The plaintiffs entered into a building contract with the named defendant, herein referred to as the defendant, to construct a dwelling

house. In this action the plaintiffs sought to recover damages for alleged unskilful and unworkmanlike work in and about the dwelling and resultant damage to personal property. The plaintiffs also claimed that the real estate had been encumbered by two mechanics' liens. The defendant answered by a general denial and a counterclaim for an alleged balance due. Judgment was rendered for the plaintiffs, both on the complaint and on the counterclaim, against the defendant, from which judgment an appeal was taken.

The assignment of errors attacks the court's refusal to correct the finding by striking eleven paragraphs and adding or substituting others in place of those sought to be stricken. The defendant contends that the facts set forth in these paragraphs of the finding were found without evidence. He further assigns error in the court's conclusions and in the admission of certain evidence.

The basic factor motivating the defendant's quest to correct nine paragraphs of the finding arises from a belated attack on the qualifications of the principal witness for the plaintiffs. The witness, Charles P. Sturges, testified at great length on the claimed defective workmanship of the defendant and the cost of replacing and correcting the work. It appears that the witness was a construction superintendent employed by a construction company; the nature of his work related to the estimating and general supervising of building construction. He had been employed by the company for fifteen years and had held his present position for six years. "The qualification of an expert witness is largely within the court's discretion, and if any reasonable qualification can be established, the objection goes to the weight of the evidence rather than to its admissibility." *Graham* v. *Houlihan,* 147 Conn. 321, 333. Furthermore, there was no objection to the evidence.

We have examined the record, and the nine paragraphs sought to be corrected are not subject to correction. In addition, the court made an inspection of the premises and was in a position to draw reasonable inferences not only from the evidence taken in court but also from a view of the physical situation which was claimed to exist in regard to the defendant's workmanship.

The two remaining assignments of error relating to the finding concern alleged damage to personal property and, further, a finding that a mechanic's lien had been placed on the property, which assignments we hereinafter consider in conjunction with the defendant's assignments of error directed to the court's rulings on the admission of certain evidence. The finding is not subject to correction.

The plaintiffs and the named defendant entered into a building contract in which the latter agreed to build a residence in accordance with certain specifications and plans. Before the house was entirely completed, the plaintiffs moved in and discovered some ninety items remaining to be corrected or completed. They notified the defendant and he promised to make the repairs but never did. Some fifteen or twenty calls, including visits, were made on the defendant in an attempt to have the work corrected, but without any results. The court concluded that the contract had not been fully performed by the defendant and that the errors, omissions and concealed defects would cost $1,961.30 to correct, and further that the concealed defects and poor workmanship caused water flooding in the basement, resulting in damage amounting to $155 to personal property belonging to the plaintiffs.

The defendant assigns error in the admission of evidence elicited from the plaintiffs relating to the value of the personal property claimed to have been

destroyed or damaged by water flooding the basement. The plaintiffs testified that from fifty to seventy-five playing records which could not be replaced, worth $3 each, were destroyed, together with toys worth $150, books worth $200, etc. They claimed a total damage to personal property of some $800. The court awarded them $155. The defendant contends that the rule laid down in such cases as *Stoll* v. *Almon C. Judd Co.,* 106 Conn. 551, 600, and *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 479, required the plaintiffs to produce some evidence other than their own opinions in establishing values. While it may be expedient and in some situations essential to produce expert witnesses on the value of property, it has, nevertheless, been held that an owner of property may testify to its value. In *Saporiti,* supra, 479, the court said, "Testimony of the plaintiff as to the value of the furniture was proper, although no qualification other than his ownership of it was shown." See *Misisco* v. *LaMaita,* 150 Conn. 680, 684 (real estate); *Lovejoy* v. *Darien,* 131 Conn. 533, 536 (oyster bed); *Anderson* v. *Zweigbaum,* 150 Conn. 478, 482 (personal services); *Van Horn* v. *Swezey,* 2 Conn. Cir. Ct. 422 (diamond ring); 3 Wigmore, Evidence (3d Ed.) § 716; 20 Am. Jur., Evidence, §§ 892, 894. The weight of such testimony is affected by the witness' knowledge of the value. Furthermore, any weakness in such evidence may be exposed on cross-examination. It has also been held that when there are a number of articles, testimony may be elicited as to the value of property as a whole in determining the measure of damages. *Munro* v. *Stowe,* 175 Mass. 169; *Baltimore American Ins. Co.* v. *Pecos Mercantile Co.,* 122 F.2d 143; see note, 37 A.L.R.2d 995. The court was not in error in admitting the evidence.

Over the defendant's objection, the plaintiffs testified to certain liens which were placed on the prop-

erty. The defendant's objection was based on the ground that such testimony was not the best evidence and the public record of the liens should be produced. The plaintiffs contend that this evidence was elicited not for the purpose of proving the contents of the liens but only to show that certain bills had not been paid by the defendant. The contract provided that all bills and costs be paid by the defendant before final payment was required. "Generally speaking, the character of evidence which is inadmissible in the case of public writings, as in the case of private writings, is evidence which contradicts or varies the record." 20 Am. Jur., Evidence, § 1168. The plaintiffs claimed in their complaint that certain bills had not been paid. The liens were not in dispute and evidence of their existence was collateral to the principal issue, that is, whether any bills were outstanding. If the defendant maintained that no bills were outstanding, that could easily be shown. Furthermore, one of the liens was claimed to represent a balance owed by the defendant for lumber. The court found that this bill was the only outstanding bill which remained unpaid. The record shows that the defendant, in his testimony upon rebuttal, admitted that a balance due for lumber was unpaid.[2] By such admission the defendant waived his objection and cannot now claim error. See *Doolan* v. *Heiser,* 89 Conn. 321, 324.

The defendant further assigns error in a witness' using notes other than those made by himself to refresh his recollection. It appears that the witness had made a personal inspection of the plaintiffs' home some months prior to trial and at that time the plaintiffs had given him a list of their complaints. Specifically, the defendant contends that unless the notes were made in the handwriting of the witness or under his direction they could not be used to

[2] See note 1 supra.

refresh his recollection. "Any memorandum which can in fact stimulate the present recollection of the witness may be used for that purpose, whether made by the witness or not, whether it be the original or a copy, or whether made at the time of the event testified to, or not. Whether the witness' recollection has been refreshed by the memorandum is in each case a question of fact for the trial court and its conclusion is not reviewable unless there has been a clear abuse of discretion." *Henowitz* v. *Rockville Savings Bank,* 118 Conn. 527, 529. There is nothing in the record to indicate an abuse of discretion.

The remaining assignments of error were not pursued in the brief and are treated as abandoned. *Stanley* v. *Hartford,* 140 Conn. 643, 645; Maltbie, Conn. App. Proc. § 327.

There is no error.

In this opinion JACOBS and CICALA, Js., concurred.