[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The court has re-examined sua sponte its ruling on the CT Page 1887 application to vacate and the application to confirm the underinsured motorist arbitration award at issue in the above-captioned cases. That re-examination has led the court to conclude, after reargument by counsel, that a further explanation of its reasoning is warranted.
The award encompassed two separate arbitrations, only one of which is entitled de novo review. Specifically, the arbitration at issue here really consisted of two submissions: 1) that of the claimant, Patricia Dell'Oro, against the insurers for compensation, and 2) that of the insurers as to the proper allocation of coverages.
The inclusion in the policy issued by Hartford Accident and Indemnity Co. ("Hartford") of a policy term providing for arbitration to determine coverage as to underinsured motorist benefits was not voluntary but was compelled by 38a-336(c) (formerly 38-175c) C.G.S., which states that
 [e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such an arbitration proceeding.
The policy issued by the Hartford contained a provision for arbitration of the amount of benefits due a claimant, as well as for disputes as to coverage. (Form A, 4681-2 p. 2). Therefore, the court concludes that the arbitration which resulted in the award to the effect that Patricia Dello'Oro was entitled to damages from the Hartford was compelled by operation of the statutory requirement cited above and cannot be construed as a voluntary agreement to arbitrate.
The uninsured motorist coverage of the Hartford policy provided in pertinent part as follows:
Arbitration
 If we and a covered person do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; the covered person may make a written demand for arbitration . . . .
* * * * CT Page 1888
 A decision if agreed to by two of the arbitrators will be binding as to: 1. Whether the covered person is legally entitled to recover damages, and
2. The amount of damages . . .
An amendment set forth on Form A 4681-2 makes the above provisions applicable to situations of underinsurance as well:
 B. Part 2 of the definition of "uninsured motor vehicle" is replaced by the following: 2) To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.
The question whether the claimant was entitled to recover underinsured motorist benefits from the Hartford was a "determination of insurance coverage" within the meaning of 38a-336(c) C.G.S., and the court must undertake the de novo review which the Connecticut Supreme Court held in American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 191 (1987) is the entitlement of a party that has been compelled to arbitrate.
There was, however, a separate issue submitted to arbitration by the Hartford at the same time as the submission of Dell'Oro's claims. This separate issue was the apportionment between the Hartford and another insurer, Allstate, of any damages found to be due Dell'Oro.
Dell'Oro initially began arbitration solely against Allstate. By a process that is not revealed in the record presented to the court, that hearing was disbanded in favor of a proceeding at which the Hartford would also take part. The Hartford and Allstate each appointed an arbitrator, Dell'Oro also named an arbitrator and an independent arbitrator was selected.
At the arbitration hearing held on August 6, 1991, at which both insurers were represented, the attorneys discussed the Dell'Oro claim and then indicated to the arbitrators the existence of the separate claim as to the apportionment of damages as between the two insurers.
 Mr. Von kuhn: And then the other issue is priority of coverage.
 Mr. O'Brien: [the independent arbitrator]: Primary, secondary. So, primary, secondary and value.
CT Page 1889
[Arbitration Transcript at p. 9]
Counsel for the two insurers then stated their competing positions, with the Hartford maintaining that the Allstate coverage was primary, and Allstate indicating that proration was the proper approach.
The issue of payment of the claim was submitted to a different set of arbitrators than the claim of Dell'Oro. As to the issue between the insurers, the arbitrators were the arbitrator appointed by each insurer and the independent arbitrator. The arbitrator appointed by Dell'Oro did not participate. (Tr.p. 9) As to the issues regarding Dell'Oro's claim, all four arbitrators participated, with the two arbitrators appointed by the insurers having half a vote each. (Tr.p. 10).
After the claimant rested in her presentation of evidence, counsel for the insurers put the texts of the insurance policies in evidence and agreed to send the arbitrators copies of court rulings on the issues between them. (Tr. 70-72)
The Awards
The arbitrators found that claimant Patricia Dell'Oro was injured in an automobile collision in which Omar E. Gallo was the tortfeasor, that she had exhausted the $20,000.00 liability coverage of the Gallo policy, and that she had suffered damages and injuries to the extent of $125,000.00. The panel deducted from the $125,000.00 the $20,000.00 already received, and deducted a further $12,500.00 to reflect its finding of the extent to which the claimant's own negligence was the cause of her injuries, such that she was due further damages in the amount of $92,500.00.
The other panel, which consisted only of the insurers' arbitrators and the independent arbitrator, then found that Allstate was liable for $21,458.34 of the $92,500.00 because it had furnished underinsurance coverage in the amount of $100,000.00 applicable to the 1979 Malibu which Dell'Oro was driving at the time of the collision. The named insured as to the Allstate policy was Dell'Oro's father. The figure awarded as to Allstate reflected a reduction for basic reparations benefits it had paid in the amount of $1,666.66.
The same panel further found the Hartford Accident and Indemnity Company ("Hartford"), which had provided underinsured motorist coverage in the amount of $100,000.00 on each of three other motor vehicles in a policy on which Dell'Oro's mother was the named insured, was liable for $69,375.00 of the total award. The Hartford claims that Allstate's coverage should be considered CT Page 1890 primary such that Allstate should pay $78,333.34 as the insurer of the vehicles involved in the accident (Hartford's brief, page 11) and that Hartford should pay what it calculates to be the remaining $12,500.00 as the "secondary" insured. (id) Allstate takes the position that the arbitration panel properly prorated the award between the Allstate coverage and the Hartford coverage in proportion to the amounts of that coverage. Allstate has not filed any brief as to the issues raised by either party and has joined in neither application, though it was named and served as a party as to both applications.
The claimant, Ms Dell'Oro, urges that the arbitration award to her be confirmed as issued.
Review of the Issues
Where multiple coverage exists, unless there is a controlling provision in the insurance policy that specifies otherwise, a beneficiary is entitled to payment in full for her loss from any and all of the insurers within the limits of liability stated in their respective policies. See 8C Appleman, Insurance Law and Practice 5101.35 at 455 (1981):
 Where there are two or more policies applicable to the same loss, the liability ordinarily is considered to be joint and several, to the full extent of damages, although not beyond. While some courts have held a maximum limit provision to be enforceable, the tendency is to permit the appropriate insured to collect from any and all of such carriers, with them settling their mutual rights and obligations either by appropriate cross-action or later proceedings, and a court will not be concerned so much with which is primary and which is excess in the initial stages.
Some policies provide for proration in case of multiple coverage for the same risk, and some provide that their coverage shall be excess to other insurance. Such clauses are to be given effect so long as coverage is not eliminated by reciprocal clauses characterizing each other as "other insurance." See Appleman, supra at p. 461-468; Widdiss, Uninsured and Underinsured Motorist Coverage 13.7 (1990): Transamerica Insurance Group v. Empire Mutual Insurance Co., 31 Conn. Sup. 235, 237 (1974); Castoldi v. Hartford County Mutual Fire Insurance Co., 21 Conn. Sup. 265, 266
(1959).
Hartford specifically disavows, at page 4 of its brief, any claim that the "other insurance" provision in its policy applies, but argues that several principles of insurance law make the CT Page 1891 Allstate coverage primary and its coverage secondary.
Neither policy has a provision for prorating coverage, and there is, therefore, no contractual reason to apply that approach. In the absence of policy language allocating the risk to one policy or to the other, Dell'Oro was entitled to recover from either insurer the $92,500.00 found to constitute her damages. 8C Appleman at 5101.35, supra. Hartford does not argue that its underinsured coverage was limited by the presence of the Allstate coverage, that is, Hartford does not urge that its underinsured coverage was ever less than $100,000.00. Such a reduction of the amount of coverage provided is not stated in the Hartford policy and is not, at any rate, among the reductions of limits authorized by 38-175c-6(d) C.G.S. Accordingly, had the Hartford policy stated that underinsured motorist coverage was reduced by the amount payable by other applicable insurance, such a reduction would not be given effect, pursuant to 38a-338 C.G.S. (formerly 38-175d C.G.S.)
Hartford claims, rather, that while its underinsured coverage remained $100,000.00, it was entitled to pay less than that amount because Allstate also covered the loss. Hartford is challenging that portion of the award which decided not Dell'Oro's entitlements, (which remained $92,500.00 from any insurer contractually bound to cover the loss) but Hartford's entitlement from Allstate.
As to Dell'Oro's claim against the Hartford, the court finds, as a result of de novo review, that the arbitrators properly determined that the Hartford should compensate the insured, and that the amount awarded against the Hartford ($69,375.00) was within the limits of the coverage provided by the Hartford. (Dello'Oro makes no claim that the award should be set aside because the entire amount $92,500.00) was not awarded against Hartford but is, not unexpectedly, indifferent to the allocation between the two insurers so long as she is fully compensated).
Accordingly, the application to vacate the award of $69,375.00 is denied and the motion to confirm is granted.
The arbitration clause in the Hartford policy did not require the arbitration between Hartford and Allstate nor, by its terms, did the insured agree to arbitrate anything except her claims against the Hartford.
The Hartford's objection to the allocation of coverages between it and Allstate by the arbitrators attacks an award in an arbitration that was not compelled by operation of 38a-336(c) C.G.S., as it did not determine an issue of coverage under the CT Page 1892 policy or under statutorily-mandated coverages. Rather, the portion of the award actually attacked concerns the insurers' submission to arbitration of the entirely separate matter of their rights as against each other as insurers of the same risk. The Hartford has not demonstrated that arbitration of its claim against Allstate was compelled by operation of any statute, and the court therefore concludes that this issue was voluntarily submitted to arbitration for the sake of efficiency. As the treatises on insurance law cited above indicate, the contribution of multiple insurers is a secondary inquiry that does not affect the right of an insured to recover in full under either of the applicable coverages, and the simultaneous arbitration of the insured's claim and the insurers' claims against each other does not convert the latter into a compelled arbitration.
As the court observed in its initial decision, review of a voluntary arbitration is limited to a comparison of the submission with the award. The Hartford and Allstate submitted to arbitration the allocation of the coverages, and the arbitrators decided that question. For the reasons stated in its initial memorandum, the court will not undertake de novo review of that ruling and the Hartford's application to vacate, correct or modify the award is denied.
Interest
The above articulation does not affect the court's prior award of prejudgment interest to Dell'Oro. Since she was entitled to have the $92,500.00 paid by either insurer pursuant to the principles stated above, the insurers' detention of payments in the ordered amounts is wrongful within the meaning of 37-3a
C.G.S. Dell'Oro was entitled to payment upon issuance of the arbitration award, and delay in payment is not warranted while the insurers seek an adjustment of a determination that does not affect her entitlement to receive benefits. The Hartford has not taken the position that interest is not awardable but has merely objected to the awarding of interest for a period of time that it claims represented delay caused by Dell'Oro, not by it. The Hartford's filing of a motion to vacate the award caused the general delay in payment, and the short continuance requested by Dell'Oro's counsel was merely incidental to the litigation of the Hartford's claim, as counsel cannot always be available on the precise date favored by an adversary. As previously ordered, interest is awarded in the statutory amount of ten percent per year against the Hartford as to the $69,375.00 it was ordered to pay and against Allstate as to the $21,458.34 it was ordered to pay until the date payment is made.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT CT Page 1893