# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mariqcus Davenport,            :
          Petitioner       :
                             :
       v.                :    No. 130 C.D. 2022
                             :    SUBMITTED: November 4, 2022
Pennsylvania Parole Board,      :
          Respondent    :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: May 17, 2023**

Petitioner, Mariqcus Davenport, an inmate at the State Correctional Institution—Phoenix (SCI Phoenix) petitions for review from the Pennsylvania Parole Board's denial of his request for administrative relief. In addition, Petitioner's counsel, Dana E. Greenspan, Esquire, filed an application for leave to withdraw appearance, asserting that the petition is without merit. After review, we grant counsel's application and affirm the Board's order.

Petitioner has both pled guilty to numerous offenses since 2013 and been the subject of a number of sentences and paroles with overlapping dates, under Institution Numbers LG4463 and NP8514. At the time of each release, Petitioner signed an acknowledgement stating that if convicted of a crime while on parole, the Board had the authority to recommit him with no credit for time spent at liberty on parole. [Conditions Governing Parole under Institution Number LG4463, executed

July 26, 2017, Certified Record (C.R.) at 10; Conditions Governing Parole under Institution Number LG4463, executed November 5, 2018, C.R. at 27; Conditions Governing Parole under Institution Number NP8514, executed March 9, 2020, C.R. at 48.]  At the time of his November 5, 2018, parole under Institution Number LG4463, Petitioner remained incarcerated under Institution Number NP8514.

After his most recent parole release under Institution Number NP8514 on March 10, 2020, Petitioner was arrested on May 28, 2020, for prohibited possession of a firearm, to which charge he pled guilty on May 10, 2021, in the Court of Common Pleas of Dauphin County.  Petitioner received a sentence of 10 to 23 months with credit for time served from March 28, 2020, to May 10, 2021, and was granted immediate parole.  On April 22, 2021, while in Dauphin County Prison, Petitioner reached his original maximum parole date on his sentence at Institution Number LG4463, and the Board warrant was lifted for that institution number and his coding with the Board was changed to delinquent for control.  (Supervision History, C.R. at 68.)

On June 24, 2021, Petitioner reported to the Harrisburg District Office of Parole and the Board relodged its warrant to commit and detain him.   Petitioner was transferred to SCI Phoenix on July 22, 2021.  A revocation hearing was held on August 20, 2021.  The notice of charges and hearing for this revocation hearing listed Petitioner's Institution Number as NP8514 and the Parole Number as 437HT, but did not include Petitioner's other Institution Number of LG4463. (Notice of Charges and Hearing, C.R. at 60.)   Petitioner participated and was represented by counsel from the Montgomery County Public Defender's Office.  During the hearing Petitioner questioned whether the hearing would address consequences on both institution numbers; the hearing examiner noted that Petitioner had a second

2

institution number running and that the hearing covered both numbers. (Revocation Hearing Transcript at 7-12, C.R. at 89-94.)

On October 6, 2021, the Board rendered the decision to recommit Petitioner to an SCI under Institution Number LG4463 and noted that he was to also be recommitted, as currently active, under Institution Number NP8514. The hearing examiner and a Board member voted to recommit Petitioner as a convicted parole violator (CPV) without credit for any time he was at liberty on parole. Petitioner was recommitted to serve 24 months' backtime for the firearms offense and was denied credit for his time spent at liberty on parole for the stated reason that "[t]he offender committed a new offense involving possession of a weapon . . . ." (Board Revocation Hearing Report Executed 8/20/2021, C.R. at 105-06; Notice of Board Decision recorded October 6, 2021, C.R. at 127-28.) The Board order to recommit changed Petitioner's original sentence maximum date on Institution Number LG4463 from April 22, 2021, to December 10, 2023 based on 2 years, 5 months, and 17 days of backtime owed (equaling 899 days). (Order to Recommit, C.R. at 125.) The eligibility for parole date was noted as June 24, 2023. (Notice of Board Decision, C.R. at 127.) Under miscellaneous notes, the order to recommit stated as follows: "Recommit on [I]nstitution [N]umber [sic] LG4463 and NP8514, but only recalculate on institution number LG4463 until further direction." (Order to Recommit, C.R. at 126.)

The Board determined Petitioner's original maximum date as follows. When he was released on parole on November 5, 2018, from his sentence at Institution Number LG4463, his original sentence maximum date was April 22, 2021. (Order to Recommit, C.R. at 125.) This resulted in Petitioner owing 899 days of backtime towards his original sentence. (*Id.*) The Board used the date Petitioner

3

turned himself in, June 24, 2021, as the custody for return date. (*Id.*)  Adding 899 days to June 24, 2021, resulted in a new original sentence maximum date of December 10, 2023.  (*Id.*)

Administrative appeals were submitted to the Board both by Petitioner and his counsel.  The grounds asserted for the appeals were based on alleged errors made in regard to adequate notice of the hearing (with regard to the absence of Institution Number LG4463 from the hearing notice) and denial of credit for time spent at liberty on parole.  The Board issued a final response denying his petition for administrative review.  The instant petition for review followed.

On appeal, Petitioner raises the following issues:

- The Board abused its discretion by imposing a backtime penalty under Institution Number LG4463 when it was not included in his notice of hearing; and

- The Board failed to grant Petitioner credit for the period he was confined from November 5, 2018, until March 10, 2020, when he was not at liberty on parole but serving a sentence under Institution Number NP 8514.

Subsequent to the filing of the petition for review, Petitioner's counsel filed a letter stating that she had come to the conclusion that there was no legal basis to challenge the Board's determination, requesting leave to withdraw her appearance as his appellate counsel, and advising Petitioner of his right to retain substitute counsel or to raise arguments in a *pro se* brief.  We entered an order stating that the merits of the request to withdraw would be considered along with the merits of the petition

4

for review and notifying Petitioner that he may obtain substitute counsel at his own expense or file a brief on his own behalf, which he has done.[1]

As an initial matter, before this Court can consider the merits of Petitioner's petition for review, we must first address counsel's application for leave to withdraw her appearance and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify [the] parolee of [the] request to withdraw; (2) he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter

---

[1] Petitioner's brief is styled as a "Pro Se Response to Counsel's Application for Leave to Withdraw Appearance."

5

and the standard is whether the claims on appeal are without merit.[2] *Seilhamer*, 996 A.2d at 42 n.4.

Upon review of counsel's petition and accompanying no-merit letter, it is clear that counsel satisfied both the procedural and substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, counsel: (1) notified Petitioner of her request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of counsel's application to withdraw and no-merit letter in support of that application; and (3) advised Petitioner of the right to retain new counsel, to proceed *pro se*, and to raise any additional issues that Petitioner deems worthy of review by this Court. Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issues that Petitioner sought to raise in his petition for review; and (3) an explanation as to why counsel believed that each issue is without merit. Counsel specifically addressed Petitioner's arguments concerning his challenge to the Board's authority to revoke credit for his time spent at liberty on parole as well as its authority to recalculate a new maximum date, concluding that both are meritless. Accordingly, we turn to the merits of the petition for review.

With regard to the first of these issues, Petitioner argues that the failure to reference Institutional Number LG4463 in the revocation charges and hearing notice allowed him to "max-out" his imposed sentence on that institutional number on April 22, 2021, resulting in a release order/warrant being issued and the "grant[] [of] bail on his new charges and release[] to society." (Pet'r Br. ¶¶ 6-7). Petitioner

---

[2] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit.

argues that the Board exercised its discretion to relinquish jurisdiction for the criminal docket associated with Institutional Number LG4463. (*Id.* ¶ 8.) Petitioner states that it offends due process and equal protection to allow the Board to "renege" on its decision, which "relinquished/forfeited" jurisdiction over that institution number. (*Id.* ¶ 9.)

As long as the correct parole number is included in a notice of revocation, it is irrelevant whether the institution number is listed. *Geiger v. Pa. Bd. of Prob. and Parole*, 655 A.2d 214 (Pa. Cmwlth. 1995). Rather, the parole number in a hearing notice covers all sentences to which a parolee is under supervision. *Id.* Here, the notice of revocation referenced Parole Number 437HT, thus, all sentences for which Petitioner was under supervision were covered.

Petitioner's other argument, which is somewhat difficult to understand from his brief, seems to be that the Board failed to grant him credit for time spent after his parole from Institution Number LG4463 while incarcerated on Institution Number NP8514. However, for purposes of backtime credit, it is immaterial whether the parolee has been released to the community or to service of an unrelated sentence. As we have explained: "the concept of 'at liberty on parole' is not at liberty from all confinement, but at liberty from confinement of the particular sentence from which the convict is being reentered as a parole violator." *Rosenberger v. Pa. Bd. of Prob. & Parole*, 510 A.2d 866, 867 (Pa. Cmwlth. 1986) [quoting *Com. ex rel. Haun v. Cavell*, 154 A.2d 247, 261 (Pa. Super. 1959)]. A person on liberty on parole from a first sentence, while incarcerated on a second sentence, is not entitled to credit against his original sentence from the constructive parole time served when that parole has been revoked for criminal parole violations. *Hines v. Pennsylvania Bd. of Prob. & Parole*, 420 A.2d 381, 384 (Pa. 1980).

7

If a parolee is recommitted as a CPV he must serve the remainder of the term that he would have been compelled to serve had the parole not been granted, with no credit for time spent at liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. 61 Pa.C.S. § 6138(a)(2), (2.1). Here, as stated above, the hearing examiner and a Board member voted to deny credit for Petitioner's time spent at liberty on parole for the stated reason that "[t]he offender committed a new offense involving possession of a weapon . . . ." (Bd. Revocation Hr'g Report Executed 8/20/2021, C.R. at 105-06; Notice of Bd. Decision recorded October 6, 2021, C.R. at 127-28.) Further justification was offered as follows: "[t]he [h]earing [e]xaminer recommends that [Petitioner] be DENIED [s]treet [t]ime [c]redit [because Petitioner was] arrested within 3 months of his parole on [Institution Number NP8514]. This [violation] represents his second [violation] as the instant offense was a direct violation of his [parole at Institution Number LG4463]. The direct violation involves the possession of a firearm." (Bd. Revocation Hr'g Report Executed 8/20/2021, C.R. at 106.) The Board's stated reason and justifications are amply supported by the record. Thus, we cannot find that the Board abused its discretion in denying credit for time spent at liberty on parole.

In light of the foregoing, we grant Petitioner's counsel's application to withdraw and affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mariqcus Davenport,          :
            Petitioner          :
                                  :
            v.                 :    No. 130 C.D. 2022
                                  :
Pennsylvania Parole Board,     :
            Respondent     :

# **O R D E R**

AND NOW, this 17th day of May, 2023, Dana E. Greenspan, Esquire's application for leave to withdraw as counsel is GRANTED and the order of the Pennsylvania Parole Board is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita