# HOUSING AND REDEVELOPMENT AUTHORITY IN AND FOR CITY OF MINNEAPOLIS v. ABE ZWEIGBAUM AND OTHERS. EMIL SCHWAPPACH, RESPONDENT.

100 N. W. (2d) 719.

January 22, 1960—No. 37,807.

*Ben W. Palmer,* for appellant.

*Roy A. Schwappach* and *Hvass, Weisman, Peterson, King & Schwappach,* for respondent.

Frank T. Gallagher, Justice.

Appeal by the Housing and Redevelopment Authority in and for the city of Minneapolis, hereinafter referred to as the Authority, from a judgment of the district court in a condemnation proceeding initiated by the Authority to acquire a lot in said city owned by Emil Schwappach. The lot has a frontage of 75 feet and a depth of 120 feet and is located on Highland Avenue between Sixth Avenue North and Glenwood. It is approximately eight-tenths of a mile from Seventh and Nicollet, the center of the downtown area, and near the municipal market. The commissioners appointed by the district court awarded Schwappach $3,150, and he appealed from this award to the district court, where the jury returned a verdict of $14,000 upon which judgment was entered.

The Authority assigns three errors: (1) That the court erred in not granting a new trial on the ground that the verdict was not justified by the evidence or was contrary to law; (2) that the damages were excessive, appearing to have been given under the influence of passion or prejudice; and (3) that newly discovered evidence justifies a new trial.

Two expert witnesses called by the Authority testified that the lot had a value of $2,250. It appeared that the lot had been used for parking purposes and had been rented to a nearby plant for that purpose for $40 a month. Upon learning of this rental arrangement, the experts revised their estimates to $2,700 and $2,690. Schwappach, on the other hand, testified that he purchased the property in 1941; that he had improved it and used it for a parking lot; that he was aware of the property values in that area; and that in his opinion the property was worth $18,000. He also testified that under the lease arrangement for parking purposes he received a total of $480 per year and that he had to pay the taxes, which for the year 1957 were $75.90. The record does not indicate any other expense involved in the operation of the lot.

One of the expert appraisers testified that he arrived at his new estimate, after learning of the lease arrangement, by capitalizing the net income at 15 percent. The trial court's memorandum indicates that counsel for Schwappach urged a verdict of $16,000 based on a capitalization of the gross income per year of $480 at 3 percent.

■ Clearly the testimony of value of property by the owner is competent and a denial of his right to testify constitutes reversible error. Lehman v. Hansord Pontiac Co. Inc. 246 Minn. 1, 74 N. W. (2d) 305. This rule usually prevails even though the owner lays no particular foundation for his opinion. Foot v. Yorkshire Fire Ins. Co. Ltd. 205 Minn. 478, 286 N. W. 400. Evidence that the owner is familiar with the market value of similar property would be sufficient foundation to support a finding of value in the amount of the owner's opinion, but that rule must be subject to some limitation where the opinion of the owner of the property is wholly incredible. H. P. Droher & Sons v. Toushin, 250 Minn. 490, 85 N. W. (2d) 273.

As indicated in 5 Nichols, Eminent Domain (3 ed.) § 18.4[2]:

"Although there is authority to the contrary, the owner of the land taken is generally held to be qualified to express his opinion of its value merely by virtue of his ownership, as he may be presumed to have sufficient knowledge of the price paid, the rents or other income received, and the possibilities of the land for use, to have a reasonably good idea of what it is worth."

■ With reference to the two expert witnesses who testified for the Authority, it is clear that their opinions as to value are not binding or conclusive upon the jury. Ordinarily such opinions are items of evidence to be considered by the jury along with the other evidence in the case. State v. Wagner, 233 Minn. 241, 46 N. W. (2d) 676, 23 A. L. R. (2d) 762; 7 Dunnell, Dig. (3 ed.) § 3334. In view of the type of property involved and its location, we cannot say that under the record here the verdict is not justified by the evidence or is contrary to law even though the verdict is larger than we would have rendered had we been the trier of fact in the first instance.

In view of our decision on the first assignment of error, it is unnecessary to discuss the Authority's assertion that the size of the verdict alone is indicative of passion and prejudice. Upon a review of the record we agree with the trial court that there was nothing related to the trial of the case which would justify a conclusion that the award of the jury was given under the influence of passion or prejudice.

■ The Authority further asserts as error that since the trial it has discovered that Schwappach had an independent appraisal made by an expert who concluded that the property was worth $3,500, but that Schwappach elected not to use this appraisal at the trial. The Authority contends that had it known of this it could have revealed it upon cross-examination of Schwappach and that the jury knowing of such fact would have substantially reduced the owner's claim. There is some dispute as to the existence of this appraisal as evidenced by an affidavit of the expert who allegedly made it indicating he never rendered a formal appraisal. Assuming that the evidence could not have been discovered with due diligence prior to the trial (see, Carl v. DeToffol, 223 Minn. 24, 25 N. W. [2d] 479), the determination to grant a new trial on the basis of newly discovered evidence rests in the sound discretion of the trial court.

Normally a new trial is not granted on the basis of newly discovered evidence where its character is merely cumulative, unless the cumulative evidence makes it clear that a grave injustice has been done. 14 Dunnell, Dig. (3 ed.) § 7130. We do not believe that is the case here and accordingly hold that the trial court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence.

Affirmed.