JOHN HARRY, BUILDING INSPECTOR OF THE TOWN OF
GLASTONBURY *v.* ADRIEL J. BIDWELL ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 11—decided November 21, 1961

*Frank P. Lockard,* for the appellants (defendants).

*Edward C. Wynne,* with whom, on the brief, were *Milton Sorokin* and *Ethel S. Sorokin,* for the appellee (plaintiff).

Alcorn, J.   The plaintiff brought this action to enjoin the defendants' alleged violation of restrictions in the Glastonbury zoning regulations relating to the location and occupancy of trailers. The action followed a judgment rendered in an action brought by the present defendants in which they sought, inter alia, to have the applicable regulations declared void and unconstitutional. The issue was found against them.   The objective in the present action is to enjoin the continuance of certain violations, and the commission of others, alleged to have occurred since the prior judgment and in defiance of it.   The court found the issues in the present case in the plaintiff's favor and enjoined the defendants in certain particulars which are not necessary to delineate.   The defendants have appealed.

The defendants assert that the principal issue is whether the question of the invalidity of the zoning regulations by reason of defective enactment procedures is res judicata.   This issue is sought to be developed by attacks on the finding.   Of the eleven assignments of error, five have not been pursued in

the defendants' brief and must therefore be treated as abandoned. *Stanley* v. *Hartford,* 140 Conn. 643, 645, 103 A.2d 147. There are only two findings of subordinate facts which the defendants attack in their remaining assignments of error. An examination of the portions of the finding which are not attacked demonstrates that the defendants would gain nothing by eliminating those findings.

The defendants undertook to handle the case up to the point of an appeal without the aid of counsel. The purported pleading which they filed in answer to the plaintiff's complaint covers nearly thirteen printed pages of the record and is supplemented by an amendment covering nearly ten more pages. It is noteworthy for its irrelevancy, redundancy and defiance rather than for its effectiveness in defining any intelligible issue. Giving the pleading the construction most favorable to the defendants, we treat it as denying the plaintiff's right to the relief sought and asserting the invalidity and unconstitutionality of the applicable zoning regulations.

The unchallenged portions of the finding, so far as now material, may be summarized as follows. The defendant Dorothy H. Bidwell is the actual owner, by virtue of unrecorded deeds, of real property in Glastonbury which stands of record in the names of others. She and the defendant Adriel Bidwell own the trailers in issue. The real estate is in a residence A zone. The uses permitted in that zone do not include the occupancy or the storage of trailers or structural alterations in them. Glastonbury Zoning Regs. § 3.4 (1958, as amended). The zoning regulations provide for the issuance of permits for the occupancy of trailers in the rural residence zone or the rural zone but in no other

zone. The defendants were the plaintiffs in an action brought in 1956 seeking, inter alia, a declaratory judgment that the regulations were "void, unconstitutional and illegal." The court rendered a final judgment in that action in January, 1959, to the effect that the regulations were constitutional and the present defendants had no right to utilize trailers at the locations in issue. During the pendency of that case, the zoning regulations were revised and the revised regulations were duly adopted. Glastonbury Zoning Regs. (1958). The revision reenacted the applicable trailer restrictions without change. Id. § 5.3. The defendants have, however, continued to permit trailer occupancy at four separate locations on their property and have made structural changes in the trailers in violation of the regulations. Additional trailers have been placed at other locations on the property.

From these unchallenged subordinate facts, the court in the present case reached the unchallenged conclusion that the defendants violated the regulations by allowing continued occupancy of trailers at four different locations. The defendants assign error in the further conclusion that the storage of additional trailers, as well as the making of structural changes in the others, is a violation of the regulations. The ground of error is that the conclusion is not supported by the subordinate facts. This claim is refuted by a reference to the unchallenged subordinate facts recited above.

Only two other assignments of error as to the finding require comment. In one, the defendants assert that the court should have found as an undisputed fact that a zoning map which showed changes to become effective July 3, 1956, and on which a public hearing was assigned for June 6, 1956, was not filed

with the town clerk until June 29, 1956. To support this claim, the defendants rely on the map itself, which was introduced in evidence as an exhibit and which bears a stamp of the town clerk indicating its receipt on June 29, 1956. The defendants also introduced as an exhibit "Amendments to Glastonbury Building Zone Regulations, Scheduled for Public Hearing June 6, 1956," which is stamped as having been received by the town clerk on May 25, 1956. This document specifically refers to the map mentioned above and states that the map accompanies it and that the original map is on file in the town clerk's office. The court was not required to find as an undisputed fact that the map was filed on June 29, 1956.

In the other, the defendants attack the conclusion that the judgment in the former case rendered res judicata the question of procedural defects in the enactment of the regulations. That conclusion is not a decisive issue on the record in the present case. It is, at most, merely supplementary to the court's independent determination of the validity of the enactment from other evidence. The court was concerned with a violation of the revised regulations, and these it found to be duly adopted. Evidence was offered through witnesses who testified to the regularity of the enactment procedure. Beyond that, the court had before it the minutes of the public hearings relating to the zoning regulations as well as copies of the published notices of the hearings. The sufficiency of this evidence to support the finding that the regulations were duly adopted is not attacked.

Two assignments of error are directed to rulings on evidence. After having a printed copy of the 1954 zoning regulations marked as an exhibit, the

defendant Adriel Bidwell sought to introduce through the town clerk the latter's file copy of those regulations. The plaintiff objected that the offer was irrelevant. The court sustained the objection and Adriel Bidwell alone took an exception to the ruling. The purpose of the offer, as nearly as it can be determined from the defendants' statement, was to show the chronology of amendments, but no claim was made that the file copy of the regulations differed in any respect from the copy in evidence. The copy in evidence contained marginal references to the dates of amendments. The defendant Adriel Bidwell had previously agreed, in response to a question from the court, that the regulations in evidence were those in effect from June, 1954, to July 1, 1958. There was no error in the ruling.

The defendant Adriel Bidwell sought to elicit from a former chairman of the zoning commission whether he was aware, or was apprised of, any need for a legislative act to validate the town's zoning ordinances. The question as phrased was most confusing, the plaintiff objected to its relevancy, the court sustained the objection, and no defendant but Adriel took an exception. Subsequently, the court took judicial notice of the validating act. 29 Spec. Laws 546. The witness' knowledge in this respect was of no significance. The ruling was correct.

At the conclusion of the trial, the defendants made no claims of law. This court is not bound to consider claims of law not made at the trial. Practice Book §§ 409, 154; *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546. Because, however, the defendants saw fit to proceed in the trial court unaided by counsel, we have examined the record in search of any reasonable ground for a claim of prejudicial error. *O'Connor* v. *Solomon,*

103 Conn. 744, 746, 131 A. 736. "[N]one save fundamental and substantial errors which may do a litigant injustice can or ought to furnish ground for disturbing a judgment rendered in substantial accord with the principles of law." *Turgeon* v. *Woodward,* 83 Conn. 537, 547, 78 A. 577. We find none in this record.

There is no error.

In this opinion the other judges concurred.