James V. Misisco *v.* Cono La Maita

King, Murphy, Shea, Alcorn and Comley, Js.

Argued June 5—decided July 11, 1963

*Joseph W. Knott,* for the appellant (defendant).

*Charles L. DeSiena,* for the appellee (plaintiff).

MURPHY, J. The plaintiff was awarded a judgment for damages of $4500 representing the increase in value of certain real property owned by the defendant on which the plaintiff had expended time and money in improvements under a repudiated oral agreement of the defendant to convey the property to the plaintiff at a specified time. The defendant filed a counterclaim on which the plaintiff prevailed. The appeal is limited to the issues raised by the complaint.

The essential facts have not been challenged. The others do not require correction. Briefly stated, the finding reveals the following: The defendant in 1955 offered and agreed to sell, when he retired at

age sixty-five, a two-family house and garage which he owned in Stratford to the plaintiff, his nephew, for $14,500. At the time, the two apartments brought in rent of $62.40 a month. The plaintiff moved into the second-floor apartment, for which he paid $30 a month rent, and subsequently took over the entire house and garage, for all of which he paid the defendant $100 per month. Thereafter, the plaintiff made substantial alterations and improvements to the property and created a third apartment. He expended approximately $4885 in so doing, excluding the value of his own time. After increasing the rent to $120 per month, the defendant repudiated his agreement to sell and instituted eviction proceedings which caused the plaintiff to vacate the premises in March, 1961. The alterations and improvements to the property were made with the knowledge, acquiescence and encouragement of the defendant and in reliance on his agreement to sell the property to the plaintiff. The agreement was oral. The plaintiff's attempts to have the agreement reduced to writing were unavailing. The value of the property was $12,500 when the plaintiff took occupancy and rose to over $17,000 at the time of trial. The three apartments were, at the time of trial, rented for a total of $210 a month.

Upon these facts, the court concluded that the agreement, not being in writing, was within the Statute of Frauds, that the property had been enhanced in value in the amount of $4500, and that under the circumstances the defendant should not be permitted to retain, without compensation, the benefits obtained unjustly by his repudiation of the agreement.

It is necessary to discuss but two of the defendant's assignments of error. One pertains to the

nature of the action instituted by the plaintiff. The other concerns rulings on evidence. The plaintiff commenced this action under a complaint in which he claimed damages of $15,000. Thereafter, he filed a substitute complaint and an amended substitute complaint, the latter differing from the former only in the recital of the date of the original agreement. The substitute complaint alleged the agreement to sell; the expenditure of time and money in reliance thereon; the enhancement in value of the property as a result of the improvements; the refusal of the defendant to sell, though he was then retired, and the plaintiff's willingness to purchase the property at the agreed price. It did not include any amendment to or any substitute for the claim for relief, i.e. $15,000 damages. In a more specific statement, the plaintiff stated that the agreement was made orally; he attached a schedule listing expenditures of $5471.81 and claimed that the value of the property had been increased by $15,000.

We need not decide whether the plaintiff, under the equitable doctrine of part performance explained in cases such as *Padula* v. *Padula,* 138 Conn. 102, 108, 82 A.2d 362, and *Bradley* v. *Loveday,* 98 Conn. 315, 319, 119 A. 147, could have obtained specific performance of the oral agreement to sell the property to him. Even if enforcement of the agreement was precluded by the Statute of Frauds; General Statutes § 52-550; the plaintiff was not without a remedy. As the trial court has observed, the substitute complaint is not a model of good pleading. The cause of action stated is not for breach of contract but is to recover for the loss which the plaintiff has incurred as a result of making, to the enrichment of the defendant, expenditures for and the improvements to the property in reliance on a

course of conduct by the defendant which led the plaintiff to believe that the defendant would sell the property to him. *Fischer* v. *Kennedy,* 106 Conn. 484, 492, 138 A. 503. It is an action in quasi contract, i.e. an obligation, arising by law, on which the same remedy is given as would be given if the obligation arose out of contract. *Bartlett* v. *Raidart,* 107 Conn. 691, 694, 142 A. 398. Although the right of recovery is based on equitable principles, it is nevertheless an action at law, the purpose of which is to prevent unjust enrichment. *Franks* v. *Lockwood,* 146 Conn. 273, 278, 150 A.2d 215; *Schleicher* v. *Schleicher,* 120 Conn. 528, 534, 182 A. 162. The only remedy is in an award of money damages. There is no merit to the claim of the defendant that the plaintiff's only right of action was in equity and that equitable relief had to be sought. Furthermore, the defendant raised no questions of law at the trial and claimed none in his draft finding. Practice Book § 154; *Harry* v. *Bidwell,* 149 Conn. 93, 98, 175 A.2d 704.

The defendant excepted to the ruling allowing the plaintiff to give his opinion of the value of the property when he first occupied it. The objection was that the plaintiff had not been qualified as a real estate expert. It is well settled that an owner of property is competent to testify as to its market value. *Long Beach City High School District* v. *Stewart,* 30 Cal. 2d 763, 772, 185 P.2d 585; *Housing & Redevelopment Authority* v. *Zweigbaum,* 257 Minn. 233, 235, 100 N.W.2d 719; 3 Wigmore, Evidence (3d Ed.) p. 45; 20 Am. Jur. 751, Evidence, § 892. We have held that an owner of personal property could testify as to its value; *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 479, 58 A.2d 387; and that an owner of an oyster bed franchise could do likewise. *Lovejoy* v. *Darien,* 131

Conn. 533, 536, 41 A.2d 98. In view of the fact that the plaintiff had occupied the property for at least five years and had the opportunity of becoming acquainted with its value, the ruling was not erroneous. The defendant had the opportunity of testing the plaintiff's knowledge of the value on cross-examination. The weight to be given the testimony was for the trier to decide. See *Anderson* v. *Zweigbaum,* 150 Conn. 478, 483, 191 A.2d 133.

The plaintiff was permitted to introduce in evidence as full exhibits a bill for storm windows and doors and a bill for an overhead garage door and the cost of its installation. The defendant objected that these bills were not the best evidence and that the bill for the garage door did not represent the reasonable value of the services rendered. The best evidence rule was not applicable to these documents. See *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 582, 95 A.2d 792; *Bonczkiewicz* v. *Merberg Wrecking Corporation,* 148 Conn. 573, 583, 172 A.2d 917; *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 436, 40 A.2d 770; 4 Wigmore, Evidence (3d Ed.) §§ 1174-1177. The plaintiff testified that he had paid the amounts indicated on the bills. The error, if any, in admitting them as full exhibits was harmless.

There is no error.

In this opinion the other judges concurred.