[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Joan Falco moves for summary judgment on the ground plaintiff Raymond C. Lyddy's cause of action is barred by the Statute of Frauds. For the reason stated below, the motion is denied.
The plaintiff alleges, inter alia, the following. The plaintiff represented the defendant and her former husband in a foreclosure action brought by the City of Bridgeport. Just prior to the law day, the plaintiff entered into an agreement with the defendant and her former husband whereby the plaintiff would obtain funds to redeem the property and, in order to secure the loan by the plaintiff, the defendant and her former husband would convey the property to the plaintiff as trustee. If the plaintiff was not repaid by the defendant, the plaintiff was to sell the property, obtain repayment from the sale proceeds, and divide the remaining sum between the defendant and her former husband. The plaintiff borrowed funds and paid $32,044.39 toward the defendant's debts. The plaintiff also incurred $3,000.00 in legal expenses on behalf of the defendant. Thereafter, the defendant refused to convey her interest in the property to the plaintiff. In the first count of the two count complaint, the plaintiff alleges that the defendant "was unjustly enriched." Among the plaintiff's seven claims for relief are the following two requests: "a decree compelling the Defendant to perform her part of the agreement" and "damages as the Court may award."
The defendant had filed an affidavit in support of her motion for summary judgment wherein she states that she "did not at any time execute any documents in favor of Attorney Lyddy, which would conform to the requirements of the Connecticut Statute of Frauds regarding a transfer of property to the Plaintiff." She also states that she did not request the plaintiff to expend any money on her behalf. The defendant argues that enforcement of the oral agreement is barred by subsections 2 and 4 of section 52-550(a) of the General Statutes.
CT Page 8424
The plaintiff has filed an affidavit that shows there is a question of fact as to whether the defendant requested the plaintiff to expend funds on her behalf. The plaintiff states that the defendant "expressly agreed" and that the plaintiff acted in reliance on the agreement.
This court need not decide whether the plaintiff can obtain specific performance of the agreement. Even if the plaintiff is precluded from enforcing the agreement by the Statute of Frauds; General Statutes § 52-550; the plaintiff may maintain a cause of action to recover for the loss which the plaintiff incurred as a result of making, to the enrichment of the defendant, expenditures on her behalf in reliance on her course of conduct that led the plaintiff to believe he would be repaid. See Misiscov. La Maita, 150 Conn. 680, 683-84 (1963).
The motion for summary judgment is denied.
Thim, Judge