Hillsborough, }
May 3, 1938. }

GEORGIE W. ALEXANDER *v.* ARTHUR H. TODD.

*Albert Terrien* (by brief), for the plaintiff.

*Thomas J. Leonard* (by brief), for the defendant.

*Per Curiam.* The plaintiff testified that a few moments after the accident she overheard a fragment of a telephone conversation between the driver of the truck and someone else in which the driver said "I am in Nashua; I just hit a car." She also introduced the testimony of her brother-in-law who said that upon two occasions he had talked with the defendant over the telephone and that each time "he said in substance that he wanted to square the thing up, but he had an obligation or two to discharge first, and that he planned to come down and see Mrs. Alexander." The foregoing evidence is that relied upon by the plaintiff to show that at the time of the accident Poole was the agent of the defendant and that he was then acting within the scope of his employment.

The evidence of the truck-driver's telephone conversation is inconsequential on this issue. It is not in any sense an admission of agency and if it were it would be inadmissible in evidence against the defendant. *Semprini* v. *Railroad*, 87 N. H. 279, 280, and cases cited. The plaintiff asserts that an inference of Poole's agency for the defendant may be drawn from the fact that he made a report of the accident over the telephone. Obviously no such inference is possible because it nowhere appears that Poole made that report to the defendant.

The evidence of the brother-in-law's telephone conversation with the defendant shows only an effort or offer to compromise. This, without more, under well settled principles of law cannot be considered as an admission of liability. The phrase "to square the thing up" is a loose one. Its use under some circumstances might imply a willingness to pay all damages. Its use under others might indicate only a willingness to compromise the dispute upon some basis of mutual satisfaction without the payment of full compensation.

There being no evidence of the circumstances under which the phrase was here used by the defendant it would be conjectural to say that it imported an agreement to pay all damages and in that way provided the factual basis essential to support a preliminary finding that an admission of liability was contained in its use. *Gagne* v. *Company*, 87 N. H. 163, 169 and cases cited.

*Judgment for the defendant.*