Hillsborough, }
Dec. 7, 1943. } No. 3437.

ROBERT J. DOYLE, *Adm'r*

*v.*

TELEGRAPH PUBLISHING COMPANY.

*Robert E. Earley* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Karl E. Dowd* (by brief and orally), for the defendant.

BRANCH J. The accident in question happened between the towns of Greenville and Hollis at the intersection of two highways known as route No. 13 and route No. 130, which meet at an acute angle, thus forming a Y.

Plaintiff's intestate, riding a motorcycle on route No. 13, which formed the west arm of the Y, entered the intersection from the south, while the defendant's car, operated by one Fitzpatrick, entered the intersection from the north with the intention of proceeding south on route No. 130. The motorcycle and the automobile came together in the intersection and the plaintiff's intestate was killed. Fitzpatrick testified that he entered the intersection at a speed of 35 miles per hour and that he saw the motorcycle thereafter when it was 225 feet away. He was unable to fix his own position at this time. Thus it might be found that the defendant's car proceeded without reference to the provisions of R. L., *c.* 106, *s.* 3, which provides as follows: "If a person traveling on a highway with a vehicle approaches an intersecting way . . . he shall grant the right of way, at

the point of intersection, to vehicles approaching from his right, provided that such vehicles are arriving at the point of intersection at approximately the same instant." A finding that the defendant was at fault was, therefore, clearly sustainable.

Defendant's claim that the plaintiff was guilty of contributory negligence is based largely upon Fitzpatrick's testimony that the motorcycle entered the intersection at a speed of 60 miles per hour. Other testimony of the same witness upon cross-examination indicated that the motorcycle traveled approximately the same distance as the car, after its discovery by the witness, before the collision, which would indicate that they were proceeding at about the same speed. Obviously the jury was not bound to accept the estimate of the defendant's driver. Under the statute (R. L., c. 384, s. 13), which places the burden of proving contributory negligence upon the defendant, if the conduct of a plaintiff "admits of any reasonable and nonculpable explanation, the question of his due care is for the jury." *Jones* v. *Railroad*, 83 N. H. 73, 78; *Hussey* v. *Railroad*, 82 N. H. 236, 240. Both the issue of the defendant's fault and that of the decedent's contributory negligence were properly submitted to the jury.

*Judgment on the verdict.*

All concurred.