Hillsborough, } No. 3584.
May 7, 1946. }

GEORGE COPADIS *v.* HARRY HAYMOND & *a.*

HARRY HAYMOND & *a.* (*individually and as copartiners*)

*v.*

GEORGE COPADIS.

*Thorp & Branch, Sheehan & Phinney* and *Alvin A. Lucier (Mr. Floyd Thorp* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendants.

KENISON, J. This intersectional collision occurred under conditions of weather, travel, visibility, and absence of obstructions which may be described as favorable. "There was evidence from which the jury might have found that either or both drivers were negligent. There was also evidence from which they could have found that either or both were free from fault. Under these circumstances the issue of their due care was for the jury." *Bissonnette* v. *Cheverette,* 87 N. H. 211, 213. The causative effect of the plaintiff's failure to "give timely signal with his horn" (R. L., c. 119, s. 16; *Pickard* v. *Morris,* 91 N. H. 65, 69) was for the trier of fact and is in the same category as the defendant's failure to have renewed his license before the accident. R. L., c. 117, s. 9; *Mandell* v. *Company, ante,* 1. The Trial Court could properly find and rule that neither statutory violation was causal or contributed to the accident. *Vassillion* v. *Sullivan,* decided this day.

The plaintiff's right of way was relative and not absolute. *Glendron* v. *Glidden,* 84 N. H. 162. The defendant's failure to grant the right of way to the plaintiff in accordance with R. L., c. 106, s. 3, sustains a finding that the defendant was at fault. *Doyle* v. *Company,* 93 N. H. 61. The motions for nonsuit, directed verdict and the motion to set aside the verdict as against the law and evidence were properly denied.

The plaintiff was asked what "the operator of the Prime Auto Sales car" (David Haymond) said to him immediately after the accident. Counsel for the Haymonds objected, and the Presiding Justice stated that the question might be answered subject to exception. The plaintiff then testified that the defendant said, "Well, that's done." It is now claimed that the testimony was erroneously received, since an admission by one partner not shown to have been

made in the course of a partnership transaction is not binding upon the firm. *Caswell* v. *Maplewood Garage*, 84 N. H. 241. In the absence of other explanatory evidence there was nothing in the remark itself from which an admission of liability could properly be inferred, cf. *Alexander* v. *Todd*, 89 N. H. 365.

On the issue of damages a witness, who had conducted a motor-vehicle repair shop for thirty-three years and had bought and sold cars for that period, stated his opinion of the value of the car before the accident as $1,000 and after the accident as $500. The witness was obviously qualified (*Watkins Co.* v. *Peterson Express*, 88 N. H. 476), and his testimony clearly competent (*Campbell* v. *Company*, 91 N. H. 390). The cost of repairs was $458 which included a charge of $90 for the plaintiff's rental of another car in his business while his car was being repaired. There was evidence that the repairs did not restore the car to its former condition. As elements of damage, it was proper to introduce evidence of the reasonable cost of the repairs (*Smith* v. *Turner*, 92 N. H. 49), and the loss of use. *Campbell* v. *Company, supra.*

The rule is well expressed in Restatement, Torts, s. 928, as follows:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use."

The verdict of $590 was consistent with this rule and not excessive.

*Judgments on the verdicts.*

BRANCH, J., did not sit: the others concurred.