Hillsborough,
No. 4516.

LUCIEN PINET *v.* NEW HAMPSHIRE FIRE INSURANCE CO.

Argued September 5, 1956.

Decided October 31, 1956.

*Maurice E. Lemelin* (by brief and orally), for the plaintiff.

*Sheehan, Phinney & Bass* and *Frederick W. Branch* (*Mr. Branch* orally), for the defendant.

KENISON, C. J. Although the plaintiff suffered a total loss of his chinchillas, he cannot invoke the valued policy statute since by its terms it applies only to "buildings" (RSA 407:8; *Lamb* v. *Insurance Company*, 88 N. H. 21) and as to personal property the insured is obligated to establish the amount of his loss. *Moreau* v. *Insurance Company*, 84 N. H. 422. In determining the amount of the loss, the first question to be decided is whether the valuation condition 4 of the policy controls as contended by the defendant or whether it is inapplicable to chinchillas as contended by the plaintiff. No case specifically discussing this point has been discovered or cited by counsel.

The valuation condition of the policy limits the insured's recovery to the actual cash value of the property at the time of the loss with the proper deduction for depreciation and further provides that in no event shall it exceed what it would then cost "to repair or replace the same with material of like kind and quality." The plaintiff argues that chinchillas are not material, that they are never repaired and that his chinchillas are unique and cannot be

replaced with other chinchillas of like kind and quality. Hence the plaintiff urges that the valuation condition in the policy cannot be used to determine the amount of his recovery. However, it may be noted that the valuation condition likewise refers to property and the endorsement which specifically insured the "chinchillas" with a limit of $750 for "any one animal" described them as "property of the assured." Furthermore the endorsement provides that it is subject to the conditions of the policy which include the valuation condition. While chinchillas and animals may not be "material" in the ordinary sense of that word, they are clearly property. The scheduled property floater policy issued in this case was an open policy and not a valued policy. It was adapted for the insurance of animate as well as inanimate property and has been so used in this state. When the policy and the endorsement are construed together it is reasonably clear that the valuation condition was an integral part thereof and it is applicable in determining the amount of the plaintiff's loss in this case.

The "actual cash value" clause in the insurance policy does not establish any rule for determining the amount of loss but simply imposes a limitation upon the amount which may be recovered. *McAnarney v. Newark Fire Insurance Co.*, 247 N. Y. 176. Likewise the further provision that liability shall not exceed the cost of replacement is a limitation of the insurer's liability and not a substantive measure of damages which the insured may invoke. *Citizens' Bank v. Fitchburg Fire Ins. Co.*, 86 Vt. 267; *Voges v. Mechanics Ins. Co.*, 119 Neb. 553. It is not surprising, therefore, to find that some courts construing a valuation condition similar to the one in the instant case used fair market value as the test; other courts, with greater emphasis on the language of the valuation clause, use the cost of replacement as the test to measure the amount of the insured's loss. Anno. 56 A. L. R. 1155. "In conclusion, it may be stated that the courts, with practical unanimity, have shown a marked disinclination to do more than simply apply or reject, as a measure of 'actual cash value' of the particular property insured, under the circumstances of the individual case, one or the other of the two general tests, namely, either the market-value test or the test of replacement value." 7 Couch, Cyc. Ins. Law, *s.* 1840, *p.* 6134.

In this state the court has had no occasion to commit itself to either the fair-market-value test or the test of replacement cost in determining the actual cash value of the insured's property. See

*Huckins* v. *Peoples' Mut. Fire Ins. Co.*, 31 N. H. 238; *Wood* v. *Insurance Co.*, 89 N. H. 213. However, we are impressed with what might be denominated a third rule which has received support in New York, Massachusetts and South Dakota. *McAnarney* v. *Newark Fire Insurance Co.*, 247 N. Y. 176; *Kingsley* v. *Spofford*, 298 Mass. 469; *Lampe Market Co.* v. *Alliance Ins. Co.*, 71 S. D. 120. In these jurisdictions neither market value nor replacement cost is an exclusive test. Evidence of both market value and replacement cost with depreciation may be introduced as evidence of actual cash value. These jurisdictions stress the fact that variations in the types of property and the conditions under which they are destroyed prevent the adoption of any single test for all cases. The objective in these cases is to see that the insured should incur neither economic gain nor loss if he is adequately insured and suffers partial fire loss. See Howland, Depreciation and Partial Losses, Proc. A. B. A., Section of Insurance Law, *pp.* 90, 95 (1953).

In adopting this third rule in this state, which has worked successfully elsewhere, we are fortified by the authoritative conclusions of Bonbright and Katz, Valuation of Property to Measure Fire Insurance Losses, 29 Col. L. Rev. 857, 899. "In general we conclude that the opinion of the courts, especially of the appellate courts, have shown an increasing desire to make the measure of recovery for fire insurance losses correspond to the actual loss sustained by the insured in view of all the circumstances of the case. To put the matter in other words, the courts, when faced with a choice between applying some standardized rigid rule such as replacement cost minus physical depreciation or of adopting some more flexible test which can be modified in such a way as to accord more nearly with the principle of indemnity, have generally preferred the latter alternative even though it has involved the sacrifice of administrative convenience and of simplicity." See also, I Bonbright, Valuation of Property, 406.

In the last analysis the "actual cash value" of the plaintiff's loss must be expressed in terms of money which is a matter of opinion. The trier of fact in determining that question may receive evidence whether there is a fair market value or replacement cost and in either case what it may be. Both fair market value and replacement cost are permissible standards for determining fire losses but they are standards and not shackles.

The plaintiff's contract to sell and deliver twelve pairs of

chinchillas for $15,000 is not, of course, conclusive evidence of their value. Whatever the law may be in other jurisdictions, it has been settled in this state since 1858 that a price stipulated in a sales contract entered into in good faith is some evidence of the value of the article contracted to be sold. *Ferguson* v. *Clifford*, 37 N. H. 86, 105. That decision was approved in 1943 in *Interstate Bridge Authority* v. *Ham Estate*, 92 N. H. 277, 283, wherein it was stated that business "decisions are reached on such evidence, and business decisions are the stuff out of which market values are made." Consequently the contract to sell the twelve pairs of chinchillas is admissible as evidence of their value. If as intimated in argument the contract was made on a falling market with an inexperienced buyer for an inflated amount, this would affect the weight of the evidence but not its relevancy.

Although the contract price of the chinchillas is admissible as evidence of their value, the plaintiff's right to recover is limited to the lesser of two figures: cash value or replacement cost. By the same token he may recover for the remaining chinchillas what they could have been sold for for breeding purposes only to the extent that the selling price does not exceed the lesser of the actual cash value or the replacement cost of these chinchillas. This limitation on the measure of recovery is necessary and inherent under the plaintiff's indemnity policy. See *Covey* v. *Western Tank Lines*, 36 Wash. (2d) 381; 5 Couch, Cyc. Insurance Law, s. 1220.

*Remanded.*

All concurred.