392 F.2d 570
 EAGLE FIRE COMPANY OF NEW YORK, an Insurance corporation, and Firemen's Insurance Company of Newark, New Jersey, an insurance corporation, Appellants,
v.
Pearl L. SNYDER, Appellee.
 No. 9690.
 United States Court of Appeals Tenth Circuit.
 April 11, 1968.
 
 Clarence P. Green, Oklahoma City, Okl., for appellants.
 Gus Rinehart, Oklahoma City, Okl., and W. B. Edwards, Seminole, Okl, for appellee.
 Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 Pearl L. Snyder brought this action under the terms of an insurance policy issued to her by Eagle Fire Company of New York and Fireman's Insurance Company of Newark, New Jersey[1], to recover for the loss of her 4-unit apartment house and its contents. The policy provided limits of liability for loss by fire and explosion in the amounts of $18,000 on the building, and $6,000 on the personal property. The building was ravaged by an explosion and fire on March 4, 1966. The insurance company admitted the policy coverage, but denied liability to the extent claimed by Mrs. Snyder. The policy limited liability to "the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property * * * ." Upon trial, the jury awarded the insured $10,000 for damage to the building, and $2,000 for the personalty. The sole question presented on appeal is whether the insured sustained the burden of proof necessary to establish the cash value of the property at the time of the loss. Although the evidence of the value is very meager, under the broad rule applicable in Oklahoma, we think it is adequate to sustain the verdict.
 
 
 2
 In Oklahoma, a contract of fire insurance is one of indemnity whereby the insurer agrees to protect the insured against certain stated types of loss to the extent of the coverage stipulated in the policy. When the insured property is totally destroyed, the liability under the policy is the actual cash value thereof at the time of loss. This value is to be determined by relevant factors, including the original cost, replacement cost, the age of the insured property, the condition in which it has been maintained, and the location, use and profit likely to accrue therefrom. American Ins. Co. v. Treasurer, School Dist. No. 37, 10 Cir., 273 F.2d 757; First Nat'l Ins. Co. of America v. Norton, 10 Cir., 238 F.2d 949; Duncan Bros. v. Robinson, Okl., 294 P.2d 822; Rochester American Ins. Co. v. Short, 207 Okl. 669, 252 P.2d 490; National-Ben Franklin Fire Ins. Co. v. Short, 207 Okl. 673, 252 P.2d 495. See, also, Pinet v. New Hampshire Fire Ins. Co., 100 N.H. 346, 126 A.2d 262, 61 A.L. R.2d 706, Anno. 718.
 
 
 3
 Mrs. Snyder, as the owner, testified that the 4-unit apartment house was constructed in 1950 at a cost of over $22,000; that she had furnished the apartments; that the rentals therefrom varied from $40 to $55 per month without utilities; and that she had redecorated the apartments within the year prior to the fire. Photographs were introduced from which a jury could have inferred that the property was kept in good condition. Mrs. Snyder listed all of the furniture and other personal property which she testified was destroyed by the fire, and gave her estimate of the value of each item at the time of the fire. She further testified that she did not keep an accurate record of the different purchases, but was able to supply the cost of some of the larger items and the approximate date of purchase. The total value of the personalty was fixed at $2,791. A building contractor testified that he inspected the building, and that in his opinion the damage caused by the explosion and fire was so extensive that it could not be repaired, and that the cost of replacement would be $35,000. A witness for the insurance company testified that the building could be repaired at a cost of $5,685.67. There was also evidence that the value of the furniture and other personal property was considerably less than that fixed by Mrs. Snyder. The jury resolved this conflict.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 It was admitted that Firemen's Insurance Company of Newark, New Jersey had assumed the obligations as insurer and was obligated to hold Eagle Fire Company of New York harmless