McConchie v. Samsung Electronics        CV-99-040-JD  07/18/00
                     UNITED STATES DISTRICT COURT FOR THE
                            DISTRICT OF NEW HAMPSHIRE


Donald and Susan McConchie

        v.                                  Civil No. 99-40-JD
                                            Opinion No. 2000 DNH 155
Samsung Electronics America, Inc.
and Samsung Electronics Co., Ltd.


                                O R D E R


        The plaintiffs, Donald and Susan McConchie, brought suit

against the manufacturer and distributor of Samsung microwave

ovens, alleging that a defect in their Samsung oven caused a fire

that damaged their home and property.  The defendants move for a

ruling in limine that the plaintiffs' damages must be measured by

either the fair market value or the depreciated value methods,

but not by the replacement value method.  The plaintiffs argue

that they should be allowed to prove their damages through

evidence of the replacement values for their property.

        The plaintiffs claim damages in the amount of $380,214.79

for their losses in the fire.  That amount includes $245,656.04

for the loss of their personal property including clothing,

furniture, and other household items such as televisions and

computers.  The $245,656.04 amount is based on the replacement

values assigned to an inventory of the plaintiffs' belongings

lost in the fire.

The parties agree that New Hampshire law applies in this case, and they begin with the rule of compensation in New Hampshire tort law that "the person wronged receive a sum of money that will restore him as nearly as possible to the position he would have been in if the wrong had not been committed." Smith v. Cote, 128 N.H. 231, 243 (1986). The defendants cite no New Hampshire rule as to the proper measure of damages for the destruction of personal property, but argue that the replacement value of the lost property would amount to a windfall. The plaintiffs, relying on Copadis v. Haymond, 94 N.H. 103, 106 (1946), state that "the typical measure of personal property damages caused by the negligence of another is 'fair market value' of the property at the time of its loss or destruction."[1] Pls. Mem. at 2.

The plaintiffs argue, however, that the fair market value method would not adequately compensate them because their

---

[1] In fact, in Copadis the supreme court addressed the measure of damages for a car that was damaged in a collision and then repaired, not property that was destroyed. See id. at 106. The court relied on the valuation method in the Restatement (Second) of Torts, § 928, pertaining to damages for "Harm to Chattels," and held that the plaintiff was entitled to the cost of repairs, the cost of a rental car, and the difference between the value of the car before and after the accident. Instead, Restatement (Second) of Torts § 927 and § 911 appear to be more pertinent to damages for destruction of property.

household goods and used clothing would typically have little or no market value but had considerable value to the plaintiffs. The plaintiffs point to the court's reasoning in Pinet v. New Hampshire Fire Ins. Co., 100 N.H. 346 (1956), for a more flexible view of the proper measure of damages in this case. In Pinet, the supreme court interpreted a clause in an insurance policy that limited the insured's recovery to "the actual cash value" of the plaintiff's property to permit "[e]vidence of both market value and replacement cost with depreciation." Id. at 349. In making that determination the court noted that it had not previously committed to either valuation method and held, "[b]oth fair market value and replacement cost are permissible standards for determining fire losses but they are standards and not shackles." Id. More recently the New Hampshire Supreme Court has said, "where the law furnishes no precise legal measure for the recovery of damages, the amount to be awarded is largely discretionary." Miami Subs Corp. v. Murray Family Trust, 142 N.H. 501, 517 (1997) (quotation omitted).

While fair market value is the usual standard for assessing damages for loss of property, courts generally use a more flexible approach when no market exists for the lost property or when that value would not provide reasonable compensation. See, e.g., Carye v. Boca Raton Hotel and Club Ltd. Partnership, 676

3

So. 2d 1020, 1021-22 (Fla. Dist. Ct. App. 1996); <u>Moseman Constr. Co. v. Rhode Island Dep't of Transp.</u>, 608 A.2d 34, 38 (R.I. 1992); <u>Trinity Church v. John Hancock Mut. Life Ins. Co.</u>, 502 N.E.2d 532, 536 (Mass. 1987); Restatement (Second) of Torts § 911 cmt. e & § 927 cmt. c. For example, under Texas law, neither the fair market value of used household goods nor the replacement costs for such articles is considered a fair measure of damage, and instead, "'[t]he measure of damage that should be applied in case of destruction of this kind of property is the actual worth or value of the articles to the owner for use in the condition in which they were at the time of the fire excluding any fanciful or sentimental considerations.'" <u>Bond v. A.H. Belo</u>, 602 S.W.2d 105, 108 (Tex. App. 1980) (quoting <u>Crisp v. Security Nat'l Ins. Co.</u>, 369 S.W.2d 326, 328 (Tex. 1963)); <u>see also, e.g.</u>, <u>Maryland Cas. Co. v. Therm-O-Disc, Inc.</u>, 137 F.3d 780, 786 (4th Cir. 1998) (Maryland law); <u>Miller v. Newsweek, Inc.</u>, 675 F. Supp. 872, 876 (D. Del. 1987) (Delaware law); <u>Zochert v. National Framers Union Property & Cas. Co.</u>, 576 N.W.2d 531, 534 (S.D. 1998); <u>Landers v. Anchorage</u>, 915 P.2d 614, 618 (Alas. 1996); <u>Roman Catholic Church v. Louisiana Gas Serv. Co.</u>, 618 So. 2d 874, 878 (La. 1993); <u>Merritt v. Nationwide Warehouse Co., Ltd.</u>, 605 S.W.2d 250, 256 (Tenn. App. 1980).

In this case, the plaintiffs have prepared a list of the

replacement costs for their destroyed property without reference to the age, condition, or original cost of the destroyed items. The plaintiffs argue that the new replacement cost for their property is the only fair measure of their loss because to the extent any market exists for used household goods, the values represented in such a market would be unfairly low. They also contend that they are not likely to be able to replace the destroyed items in such a market. The defendants contend that replacement costs, without regard to the value of the items lost, would amount to a windfall to the plaintiffs.

Since New Hampshire law does not provide a precise measure of damages in the circumstances of this case, the method of proving damages is subject to the court's discretion. See Miami Subs Corp., 142 N.H. at 517. The market value or exchange value of the plaintiffs' destroyed household items and clothing would generally not provide "a sum of money that will restore them as nearly as possible to the position they would have been in if the wrong had not been committed." Smith, 128 N.H. at 243; see also Restatement (Second) of Torts § 911 cmt. e. On the other hand, the new replacement costs of the destroyed items, which were not new when they were destroyed, could result in a windfall to the plaintiffs.

Therefore, to permit the plaintiffs a full and fair recovery

5

for their losses without a windfall, the plaintiffs will be allowed to prove their damages by showing the value of their lost property to them through a method that best fits the circumstances of the case.[2]  The value of the property to the plaintiffs may be shown by evidence of the original cost and the condition of the destroyed property at the time of the fire, the fair market value for each item, or the new replacement cost reduced by depreciation as to each item.[3]  Because the reduced values recoverable by those methods will require the plaintiffs to spend considerable time and effort to find replacement property at used markets or in bargain sales, the plaintiffs are entitled to be compensated for that time and effort.  The plaintiffs are also entitled to compensation for other inconveniences caused by the loss of their property including the loss of use of the property.  In the alternative, the plaintiffs

_____

[2]The parties have not indicated that there is any claim for the costs of repair or restoration of damaged property.

[3]The plaintiffs have not argued that they lost items that have value only to the owner, such as photograph albums or family heirlooms, and therefore, the court will not consider any particular measure of damages for such items.  See, e.g., Webster v. Boone, 992 P.2d 1183, 1186-87 (Colo. Ct. App. 2000); Seminole Pipeline Co. v. Broad Leaf Partners, Inc., 979 S.W.2d 730, 755 (Tex. App. 1998); Ladeas v. Carter, 845 S.W.2d 45, 53-54 (Mo. Ct. App. 1992).

may claim new replacement costs for their destroyed property, without depreciation, if the plaintiffs show that the replacement amount, in total, is more likely than not to be less than the compensation they would recover based on reduced values.

Conclusion

For the foregoing reasons, the defendants' motion in limine (document no. 18) is granted in part and denied in part as is more fully explained in this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 18, 2000

cc: James C. Wheat, Esquire
    Robert D. Lietz, Esquire
    Andrew D. Dunn, Esquire