**Eldon Carl BRANCH, Plaintiff,**

v.

**FARMERS INSURANCE COMPANY, INC. and Farmers Group, Inc., Defendants.**

No. CIV–99–1388–M.

United States District Court, W.D. Oklahoma.

Oct. 4, 2000.

Gary B. Homsey, Kevin E. Hill, Homsey Cooper Hill & Associates, John T. Edwards, Shannon L. Edwards, Monnet Hayes Bullis Thompson & Edwards, Oklahoma City, OK, Phillip A. Dickey, Weaterford, OK, for Plaintiff.

Eric S. Eissenstat, Burck Bailey, Fellers Snider Blankenship Bailey & Tippens, Oklahoma City, OK, Gary S. Chilton, Holladay Chilton & DeGiusti, Oklahoma City, OK, for Defendants.

## ORDER

MILES–LaGRANGE, District Judge.

This case is scheduled for trial on the Court's October, 2000 trial docket.

Before the Court is plaintiff's Motion for Partial Summary Judgment, filed March 13, 2000 [docket no. 29]. On March 31, 2000, defendant Farmers Group, Inc. ("FGI") filed its objection to plaintiff's motion, and defendant Farmers Insurance Company, Inc. ("FICI") filed its response to plaintiff's motion. On April 12, 2000, plaintiff filed his reply, and on July 25, 2000, plaintiff filed his Supplemental Authority in Support of Motion for Partial Summary Judgment. On July 27, 2000, FICI filed its response to plaintiff's supplemental authority.

Also before the Court is FICI's Motion for Summary Judgment, filed March 13, 2000 [docket no. 28]. On March 31, 2000, plaintiff filed his response to FICI's motion, and on April 14, 2000, FICI filed its reply.

Based upon the parties' submissions, the Court makes its determination.

## I. INTRODUCTION

Plaintiff owns a rental home located in Oklahoma City, Oklahoma which was insured under a "Landlord's Protector Package" policy ("Policy") issued by FICI. On September 21, 1998, during the coverage period, plaintiff's property suffered wind and hail damage to the roof. Plaintiff reported the loss to his insurance agent and made a claim.

The claims adjuster inspected the roof on October 9, 1998, and determined it to be a total loss. The adjuster estimated the cost of replacing the roof was $1,541.05, included in this amount was (a) the labor cost attributable to tearing off two layers of old roof surfacing, which the adjuster stated was necessary to install the new roof properly, and (b) the cost of materials and labor for installing the new roof surfacing. A depreciation factor of 35% was applied to the tear-off and installation figures based on the adjuster's estimate of the age and condition of the old roof and the average life of a similar composition shingle roof. The Policy deductible of $500 was then subtracted, and a check for the remainder was issued to plaintiff in the total amount of $501.68.

On September 15, 1999, plaintiff filed this action against FICI alleging (1) FICI breached the insurance contract by depreciating (a) the tear-off cost and (b) the labor cost for installing the new roof, (2) FICI breached its duty to deal fairly and in good faith with plaintiff in the resolution of his claim, and (3) FICI committed fraud. In addition to suing FICI, plaintiff also sued FGI under an alter ego theory of recovery. Plaintiff has moved for summary judgment on his breach of contract claim, and FICI has moved for summary judgment on plaintiff's breach of contract claim, bad faith claim, and fraud claim.

## II. APPLICABLE POLICY PROVISIONS

The Policy issued to plaintiff contains two endorsements applicable to this case.

Endorsement E6048 ("Roof Surfacing Endorsement") provides:

### MODIFIED LOSS SETTLEMENT PROVISION FOR ROOF SURFACING

This endorsement amends Section I—Property, Conditions, 3. *Loss Settlement*, with regard to roof surfacing losses only.

In consideration of the premium, we will settle covered losses to the roof surfacing on the buildings under Coverage A—Dwelling and Coverage B—Separate Structures, on a *replacement cost less depreciation basis*. Payment will not exceed the amount actually needed to repair or replace the damaged property, or the limit of insurance applying to the property, whichever is less.

This endorsement is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

Roof Surfacing Endorsement attached as Exhibit B to FICI's motion for summary judgment (emphasis added). Endorsement E6022 ("Debris Removal Endorsement") provides, in pertinent part:

### ENDORSEMENT AMENDING DEBRIS REMOVAL COVERAGE AND POLLUTION EXCLUSION— LANDLORD'S PROTECTOR POLICY

When this endorsement is attached to your policy the following provisions apply:

SECTION I PROPERTY—ADDITIONAL COVERAGES

1. *Debris Removal.* We will pay your reasonable expenses to remove debris caused by a covered loss to covered property under SECTION I—PROPERTY. However, we will not pay any expenses incurred by you or anyone acting on your behalf to:

   a. extract pollutants from land or water; or

   b. remove, restore or replace polluted land or water.

   If the amount of loss, including debris removal expense exceeds the limit of insurance, we will pay up to an additional 5% of the limit of insurance on the damaged property.

Debris Removal Endorsement attached as Exhibit 15 to plaintiff's response to FICI's motion for summary judgment.

## III. DISCUSSION

### A. Plaintiff's. Breach of Contract Claim

Plaintiff asserts FICI breached its insurance contract by wrongfully depreciating the labor required to replace his roof and by wrongfully depreciating the tear-off cost of removing the old roof surfacing.

■ "The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." *Wiley v. Travelers Ins. Co.*, 534 P.2d 1293, 1295 (Okla.1974). "An insurance policy, like any other contract of adhesion, is liberally construed, consistent with the object sought to be accomplished, so as to give a reasonable effect to all of its provisions, if possible." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). If the provisions of a policy are "unambiguous, clear, and consistent," the terms of the policy "are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated." *Dodson*, 812 P.2d at 376. If ambiguous, a policy must be construed in favor of the insured, with words of inclusion construed against the insurer and words of exclusion construed in favor of the insured. *Dodson*, 812 P.2d at 377. "In the absence of actual doubt about the meaning of the contract, however, [a court may] not rewrite the policy's terms simply because doing so would favor the insured." *Avemco Ins. Co. v. White*,

841 P.2d 588, 590 (Okla.1992). The interpretation of an insurance contract and whether it is ambiguous is a matter of law for the court to determine. *Dodson,* 812 P.2d at 376.

### 1. Depreciation of labor costs for installing new roof

Plaintiff asserts he had "actual cash value" coverage under the Policy and it is improper to depreciate the cost of labor to install a new roof under "actual cash value" coverage. FICI asserts plaintiff had "replacement cost less depreciation" coverage as set forth in the Roof Surfacing Endorsement and under this coverage, it is proper to depreciate the cost of labor to install a new roof. Plaintiff, however, asserts the Roof Surfacing Endorsement must be interpreted to conform to the language of Oklahoma's statutory fire policy and, accordingly, plaintiff must have at a minimum "actual cash value" coverage.[1] FICI further asserts it is proper under "actual cash value" coverage to depreciate the cost of labor to install a new roof.

■ In Oklahoma, the method for calculating "actual cash value" is the "broad evidence rule." *Rochester American Ins. Co. v. Short,* 207 Okla. 669, 252 P.2d 490 (Okla.1953). Under the "broad evidence rule," the determination of "actual cash value" is based upon various relevant factors, including the original cost, replacement cost, the age of the insured property, the condition in which it has been maintained, and the location, use and profit likely to accrue therefrom. *Rochester,* 252 P.2d at 493–94; *Eagle Fire Co. v. Snyder,* 392 F.2d 570, 571 (10th Cir.1968). "Replacement cost is one factor in determining 'actual cash value' but it is not exclusive." *Rochester,* 252 P.2d at 493. Additionally,

replacement cost less depreciation can be significant evidence of value but it is not necessarily conclusive. *Elberon Bathing Co., Inc. v. Ambassador Ins. Co. Inc.,* 77 N.J. 1, 389 A.2d 439, 445 (N.J.1978).

■ Under the facts of this case, the application of the "broad evidence rule" produces the same result as does the application of the "replacement cost less depreciation" method. The Policy provides that "loss to roof surfacing" is to be adjusted as an item separate from the rest of the structure. Plaintiff does not allege any part of his property, other than the roof, was damaged on September 21, 1998. Additionally, the Court finds no facts indicating there was anything unusual or extraordinary about plaintiff's roof which would warrant the consideration of factors other than the life span and age of the roof in determining its "actual cash value." Since this is an ordinary fact situation, "replacement cost less depreciation" is the primary factor to consider in applying the "broad evidence rule." *See Ohio Casualty Ins. Co. v. Ramsey,* 439 N.E.2d 1162, 1169 (Ind. Ct.App.1982).[2]

Plaintiff asserts the cost of labor to install his roof should not be depreciated to determine the roof's "actual cash value." FICI asserts the replacement cost of a roof includes the price of labor and materials and both should be depreciated to determine "actual cash value." Thus, the key question the Court must decide is what is included in "replacement cost."

The Policy does not define the term "replacement cost." "Replacement" means "the *act or process* of replacing or of being replaced." *Webster's II New Riverside University Dictionary* 997 (1984)(emphasis added). "Replacement

---

1. In light of the Court's finding *infra* that the calculation of "actual cash value" under the facts of this case produces the same result as does the application of "replacement cost less depreciation," the Court finds it unnecessary to determine whether the Roof Surfacing Endorsement must be interpreted to conform with Oklahoma's statutory fire policy.

2. This holding, however, does not stand for the proposition that "replacement cost less depreciation" is always the appropriate method for calculating "actual cash value."

cost" has been defined by courts as including "any cost that an insured is reasonably likely to incur in repairing or replacing a covered loss." *Gilderman v. State Farm Ins. Co.*, 437 Pa.Super. 217, 649 A.2d 941, 945 (1994). *See also Seaboard Air Line R.R. Co. v. Marine Indus., Inc.*, 237 F.Supp. 10, 14 (E.D.S.C.1964)(replacement/repair cost includes labor and materials, all of which should be depreciated).

The Court finds the term "replacement cost" is unambiguous and subject to only one reasonable interpretation. Further, the Court finds the plain and ordinary meaning of "replacement cost" is the sum of those costs an insured is reasonably likely to incur in replacing his covered loss. The Court finds the cost of labor to install a new roof is a cost an insured is reasonably likely to incur in replacing his roof, and, accordingly, the cost of labor is included within the meaning of "replacement cost."

Accordingly, since the cost of labor to install a new roof is included within the meaning of "replacement cost," the Court finds that when determining a roof's "actual cash value," it is proper to depreciate the cost of labor. Thus, the Court finds FICI did not breach its insurance contract by depreciating the labor required to replace plaintiff's roof and FICI is entitled to summary judgment on this claim.

### 2. Depreciation of tear-off cost

■ Plaintiff asserts the tear-off cost of removing his old roof surfacing should not have been depreciated because the tear-off cost falls under the Debris Removal Endorsement, which does not provide for any depreciation. FICI asserts plaintiff's existing roof surfacing is not "debris" and the tear-off of that roof surfacing is an integral part of the replacement process and is properly subsumed within the total replacement cost.

"Debris" is defined by *Webster's II New Riverside University Dictionary* 351 (1984) as "Scattered remains: RUINS," and as "Discarded waste." The Court finds no evidence to indicate plaintiff's old roof surfacing constituted "debris." The undisputed facts show plaintiff's roof remained useful and was repaired a full year after the storm that caused the damage. Additionally, there is no evidence plaintiff had to remove any scattered or fallen shingles after the storm.

Further, it is undisputed the tear-off of plaintiff's old roof surfacing was necessary to the proper installation of a new roof. The Court finds the tear-off cost of removing the old roof surfacing is a cost an insured is reasonably likely to incur in replacing his roof, and, accordingly, tear-off cost is included within the meaning of "replacement cost."

Therefore, since the tear-off cost of removing the old roof surfacing is included within the meaning of "replacement cost," the Court finds it is proper to depreciate the tear-off cost of removing the old roof surfacing. Thus, the Court finds FICI did not breach its insurance contract by depreciating the tear-off cost and FICI is entitled to summary judgment on this claim.

### B. Plaintiff's Bad Faith Claim

Plaintiff asserts FICI breached its duty to deal fairly and in good faith in the resolution of his claim. Since the Court found FICI was entitled to summary judgment on plaintiff's breach of contract claim, plaintiff's bad faith claim fails as a matter of law. Accordingly, the Court finds FICI is entitled to summary judgment on plaintiff's bad faith claim.

### C. Plaintiff's Fraud Claim

Plaintiff asserts FICI's failure to explain the tear-off/labor cost component of his roof loss claim was not subject to depreciation constituted a fraudulent misrepresentation. Since the Court found FICI was entitled to summary judgment on plaintiff's breach of contract claim, and specifically found it was proper to depreciate the labor cost to install a new roof and to depreciate the tear-off cost, the Court

finds FICI is entitled to summary judgment on plaintiff's fraud claim.

## IV. CONCLUSION

Accordingly, the Court DENIES plaintiff's motion for partial summary judgment [docket no. 29] and GRANTS defendant Farmers Insurance Company, Inc.'s motion for summary judgment [docket no 28] [3] This Order effectively terminates this action in this Court.

---

3. Plaintiff sued FGI under an alter ego theory of recovery. Since FICI's motion for summary judgment has been granted, FGI is also entitled to summary judgment.